THE TOWNS OF ROCKINGHAM AND GRAFTON *v.* THE TOWN
OF WESTMINSTER.

*Petition for Certiorari. Apportionment of expenses, for building
roads and bridges among towns, under the statute.*

The application, for the writ of *certiorari*, is addressed to the discretion of the
court, and will not usually be granted unless the substantial justice of the case
requires this remedy.

Commissioners, appointed under the statute, to apportion to towns the share of ex-
pense each shall bear, in the construction of bridges and roads, where one town
is found to be excessively burdened, by defraying the whole expense, and other
towns are benefitted by the construction of the same, cannot make an apportion-
ment in specific sums of money, to be paid by each town, but are to settle and
define the *ratio* of expense to which each shall be subjected.

And where the commissioners found the expense of the construction of a bridge to
be $1890 20, and apportioned $600 to one town, and $150 to another town, of
that sum, and the county court, in passing upon the report, regarded the sums
apportioned to the respective towns, not as the amount they are actually obliged
to pay, but as fixing, with the estimated expense of the bridge, the *ratio* which
they are liable to have apportioned, and accepted the report and adopted as the
*ratio* of apportionment the sum that $600 bears to $1890, in the one case, and the
sum $150 bears to $1890 in the other. It was held, upon application for the
writ of *certiorari*, that the petitioners had no right to complain of this apportion-
ment, and that there was not such error in the decision of the county court as
to entitle the petitioners to this remedy.

PETITION FOR CERTIORARI. The selectmen of the town of
Westminster, petitioned the county court, April term, 1849, set-
ting forth that said town had been required to build and make a
bridge across Saxton's River in said town, and a new piece of road
at each end of said bridge, which bridge and road are evidently
for the accommodation of other travel than the inhabitants of said
town of Westminster, and is more especially for the accommoda-
tion of the towns of Rockingham, Grafton and Athens. And that
said town of Westminster would be excessively burdened by build-
ing said bridge and road. And praying that commissioners be ap-
pointed to apportion said expense among said towns.

The county court appointed commissioners, who reported that
said town of Westminster would be excessively burdened, and that
the towns of Rockingham and Grafton would be benefitted. That
the whole expense for constructing said bridge would be $1890,20,

and that it is just and reasonable that said town of Rockingham pay $600 thereof, and the town of Grafton pay $150 thereof, making in all $750.

The county court accepted said report, and ordered that the town of Rockingham pay the town of Westminster, on demand after the completion of said bridge and road, six hundred eighteen hundred and ninety-one and twenty-one hundredths parts of the cost of said bridge and road (600–1890,20) and the town of Grafton one hundred and fifty eighteen hundred and ninety-one and twenty-one hundredths parts of the said costs of said bridge and road (150–1899,20,) and that the town of Westminster recover of the towns of Rockingham and Grafton their costs, whereof they may have execution. Execution issued May 7, 1851.

Exceptions by Rockingham and Grafton and petition for *certiorari*.

*A. Stoddard* and *Stoughton & Baxter* for petitioners.

By the provisions of said statute, the county court, upon application of the selectmen of the town that may be required to build a road or bridge are to appoint commissioners to examine into the circumstances of such road or bridge, and to *apportion such part* of the expense of constructing the same, as they should deem just and reasonable, not exceeding one-half, to any other town or towns specially benefitted thereby, to be paid by such town or towns, *in such proportions ;* and the county court, upon the report of the commissioners, may assess the town or towns so benefitted, *according to such report*, and make an order on the same in the same manner as is now provided by law, in case of roads or bridges located in, or running through two or more towns.

The act of 1847 must have reference to the law providing for the erection and repair of bridges in certain cases, by assessing a proportion of the expense upon adjoining towns. Comp. Stat. 169, § 47. The statute of 1797 is to the same effect, and to which this court has given a practical construction. *Brookline* v. *Westminster*, 4 Vt. 224.

The commissioners should have reported the proportion of the expense of constructing said road and bridge, required to be paid by the towns of Rockingham and Grafton, *leaving the specific sum* to be ascertained after the same were completed. This they did

not do, therefore, the county court ought to have *rejected* or *recommitted* the report.

The county court had no authority to assess the *proportion* of the expense of constructing the road and bridge, *otherwise than according to the commissioners report.* By the report, the town of Rockingham is assessed the definite sum of $600, and Grafton $150. The report is not ambiguous, and admits of no other construction.

By the judgment of the county court, Rockingham is liable to pay $674,74, and Grafton $168,08, being $103,42 more than the commissioners assessed to said towns.

*W. C. Bradley* for defendants.

1. The commissioners, by estimating the expense, and deciding how much thereof each town should pay, sufficiently showed the proportion of each.

2. The commissioners and county court have found that the apportionment is not unjust.

3. The petitionee is deprived of no right of showing expense, as the amount will have to be recovered by action. *Brookline* v. *Westminster,* 4 Vt. 224.

4. Finally, in applications of this kind, this court will presume the court below to have acted rightly, until the contrary appears, and even then will not revise, if greater injustice will be produced thereby. *Royalton* v. *Fox et al.,* 5 Vt. 458.

The opinion of the court was delivered by

ISHAM, J. The application for the writ of *certiorari* is addressed to the discretion of the court, and will not usually be granted unless the substantial justice of the case requires this remedy.

The object of the writ, in this case, is to bring before this court the proceedings of commissioners under the 53d Sec. of the act for laying out and discontinuing highways and bridges, with the decision of the county court thereon, for the purpose of enabling this court to consider and determine upon the exceptions filed to the report.

We learn from the case, that by order of the county court, the town of Westminster were required to build a bridge across Sax-

ton's river in that town, and that Westminster, feeling itself excessively burdened by defraying the whole expense therefor, preferred their petition, and thereby are seeking an apportionment of a part of the expense from other towns, as the bridge when constructed would be for their especial benefit and accommodation. The commissioners have found, and so state in their report, that the towns of Rockingham and Grafton would be accommodated by its construction, and should have apportioned to them a part of the expense. They have also found that the town of Westminster would be excessively burdened in defraying the whole expense, and *as a preliminary part to such finding* have estimated the expense of the bridge at the sum of $1,890,20. From the facts so found they have apportioned to the town of Rockingham the sum of $600, and to the town of Grafton the sum of $150.

Exceptions have been taken to this mode of apportionment by the commissioners, and it has been contended that they cannot make an apportionment in specific sums of money to be paid by the towns, but are simply to settle and define the ratio of expense to which they are to be subjected. And we entertain a decided conviction, that this is the true construction of the act, and presents the only feasible and proper mode of carrying into effect the purposes and objects contemplated in the statute. When this ratio of expense is settled and fixed by the commissioners, it becomes the basis upon which the court to which the report is returnable, may assess the towns so benefitted according to the report, and make their order on the same. When, therefore, the actual expense of the bridge is ascertained, whether more or less than the sum estimated by the commissioners, then the court by their order can divide the whole expense among the towns, on the ratio as fixed by the commissioners.

The proceedings of the commissioners in this case would be evidently erroneous if the towns assessed are subject to pay more than they would be required to pay on this construction of the act. But if the rule of apportionment adopted by the court and commissioners would not increase their liability, or if it should have the effect to lessen the amount below the sum at which they are assessed, then they have not sustained that injury or injustice that would warrant the issuing of this writ on their application.

Rockingham and Grafton v. Westminster.

For it has been decided, that it is not sufficient that error exists in the proceedings of an inferior tribunal, or that they have mistaken the law, but to justify the issuing of this writ, it must also appear that injustice has been done to the petitioner. *Myers* v. *Pownal*, 16 Vt. Rep. 417.

The court have adopted the sum of $1890, as estimated by the commissioners, as the whole expense of the bridge, throwing off the fraction of a dollar as reported, and of which the petitioners have no reason to complain, and have adopted as the ratio of apportionment the sum that $600 bears to $1890, in one case, and the sum of $150 bears to $1890, in the other. If the estimated sum is the actual expense of the bridge, then the ratio of apportionment as reported is just and the petitioners have no reason to complain. But if the expenses of the bridge were less than that amount, the petitioners have reason to complain, if the sum apportioned to them is the amount they would be required to pay, as they would pay more than would be their proportion, on the ratio as reported.

But this difficulty is avoided on the principle decided in the case of *Brookline* v. *Westminster*, 4 Vt. 224. In that case it was held, that in an action on an assessment, in a similar case, the actual expense of the bridge was a subject of inquiry, and that notice of the actual expenditure should be given to the selectmen of the town sought to be charged. If, therefore, the actual expenses of the bridge was less than $1890 in the same proportion should the amount be reduced on the liability of the petitioners. In no event, therefore, on such facts could injustice be done to the petitioners. If the bridge should cost more than the estimated amount, whether the petitioners would be bound to pay more than $600 is a question we are not called upon in this case to decide. In that event they would have been obliged to pay more if this construction of the act had been adopted by the court and commissioners. But if by the order of the court, the whole expense is limited to that amount, then the petitioners have no reason to complain, for all these considerations have operated in their favor by lightening their liability. This question properly arises on the assessment when made by the county court, and is not now properly involved in this case.

Regarding, therefore, the sums apportioned to the respective

towns, not as the amount they are actually obliged to pay, but as fixing, with the estimated expense of the bridge, the ratio of expense which they are liable to have apportioned to them. We see no occasion for these petitioners to complain, for the adoption of this rule is the most favorable one for them. The town of Westminster has more reason to complain, if they are limited to the amount adopted by the court and commissioners as the actual expenses of the bridge. For to the extent of that excess they would be the losers. But whether they are so limited or not, we express no opinion.

It is further objected that the commissioners rejected evidence showing that the town of Westminster was in reality benefitted rather than injured in making this bridge, as the expenses in its construction are not so great, or the charge so onerous as keeping in repair the old road which has been discontinued. If this is true in fact, still as the commissioners have found that Westminster is unreasonably burdened by these expenses, notwithstanding this benefit, the testimony became immaterial, and had it been received it could not have altered the result. The other objections not having been insisted upon, the result is, that this petition must be dismissed — with costs.