THE TRUSTEES OF SCHOOLS OF TOWN 21 N., RANGE 5 W.,

*v.*

THE SCHOOL DIRECTORS OF UNION DISTRICT.

1. CERTIORARI—*not a writ of right.* The common law writ of *certiorari,* when used for the purpose of correcting the proceedings of inferior tribunals, is not a writ of right, but it issues only upon application to the court upon special cause shown; and when great public detriment or inconvenience may result from interfering with their proceedings, the writ should be denied.

2. SAME—*not allowed after unreasonable delay.* A writ of *certiorari,* to review the action of trustees of schools in detaching territory from a school district and adding it to another, ought not to be granted after the lapse of three years, and if granted should be quashed for *laches* in presenting the petition.

3. SAME—*discretion to grant writ.* The discretion in the circuit court to grant the writ of *certiorari* will not extend to a case where, by law, it clearly ought not to be granted. The discretion is not an arbitrary one, but one to be exercised in subordination to legal principles, and when not, its exercise may be reviewed in this court.

4. APPEAL—*when it lies to this court.* The right of appeal from the circuit court to this court is given by statute from all final judgments. It lies from the final judgment of the circuit court on a *certiorari* at common law.

APPEAL from the Circuit Court of Mason county; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. DEARBORN & CAMPBELL, for the appellants.

Messrs. FULLERTON & WALLACE, for the appellees.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

The only question we deem it necessary to consider in the present case is, whether appellee should be held to be barred from inquiring into the validity of the act of detaching territory from the one school district and adding it to the other, by reason of the *laches* in suing out the *certiorari.*

The writ of *certiorari,* when used for the purpose of correcting the proceedings of inferior tribunals, is not a writ of right, but it issues only upon application to the court, upon special cause shown. *Bath Bridge Co.* v. *Magonn,* 8 Greenleaf, 293; *Drowne* v. *Stimpson,* 2 Mass. 44; *Lee* v. *Childs,* 17 id. 352; *Huse* v. *Gaines,* 2 N. H. 210; *Munroe* v. *Baker,* 6 Cowen, 396; *People* v. *Supervisors,* 15 Wend. 198; *State* v. *Leutf,* 2 Hill, 367; *Rockingham* v. *Westminster,* 24 Vt. 288. And the reason is said to be, because these bodies exercise powers in which the people at large are concerned, and great public detriment or inconvenience might result from interfering with their proceedings. *People* v. *Supervisors, supra.* As a corollary it follows, that whenever great public detriment or inconvenience might result from interfering with their proceedings, the writ of *certiorari* should be denied. And, on this principle, in *Elmendorf* v. *Mayor, etc.* 25 Wend. 693, the Supreme Court of New York refused a *certiorari* to remove the proceedings of the common council of New York, changing the grade of certain streets, three years and a half after the confirmation. It is true, in that State a writ of error would not lie, under the statute, after the expiration of two years, and it was said the court would, by analogy to the statute, in ordinary cases, refuse a *certiorari* after the lapse of that period; but the decision was placed expressly upon the ground that there had been unreasonable delay, and that serious consequences to the city must result from allowing the writ. NELSON, Ch. J., who delivered the opinion of the court, said: "I place my refusal to allow the *certiorari* upon the unreasonable delay in the

application for it, and the serious consequences to the city which must necessarily follow the granting of it after such a lapse of time, during which the improvement has been finished, and two-thirds of the assessment paid by owners." This principle is also recognized and applied in *Rutland* v. *County Com'rs, etc.* 20 Pickering, 79, 80; *In re Lantis et al.* 9 Mich. 324; *Chamberlain* v. *Berclay,* 13 N. J. L. (1 Greene) 244; *Bell* v. *Overseers,* 14 id. 131; *Dailey* v. *Bertholomew,* 1 Ashmead, 135.

It is not questioned but that there was power to detach territory from the one district and add it to the other; but it is only objected that the power had not been exercised by the proper officers in the mode prescribed by the statute. It would, therefore, seem very clear, that the omission complained of is one that would have been supplied by a subsequent express ratification of the act, and, if this be true, we know of no reason why in this, as in many other instances of defective execution of powers by corporations, a ratification may not be inferred from acquiescence. In *Metz et al.* v. *Anderson et al.* 23 Ill. 469, this court, *in arguendo,* said: "But if it could be shown that the order changing the districts, by consolidating two districts into one, was an unwarrantable exercise of power, it might, with propriety, be claimed, that there has been an acquiescence in it by the functionaries of the now complaining district nine." In this view, the doctrine of the cases above referred to must be held to be conclusive in the present case.

The petition, here, was filed July 15, 1875, and the action of the trustees complained of was had in April, 1872, over three years before. A proper plat of the districts, as constituted after the changes effected by the action of the board, was made and filed with the county clerk, at the time; and, thereafter, the school funds were apportioned in accordance with such changes, and the presumption is that taxes for school purposes were thus levied and collected. It may be, also, that debts have been incurred in building or repairing school houses, or for other legitimate school purposes, upon the faith of the

action of the trustees, now, for the first time, sought to be questioned.

The case, in our opinion, is clearly one where, by reason of the lapse of time and the acquiescence of the party now complaining, in the distribution of school funds, the levy and collection of school taxes, and, possibly, the incurring of debts, upon the faith of the action of the trustees, it was improper to allow the writ; but, having been allowed, it should have been quashed, on motion.

It is better, if it shall be desirable, by appropriate steps through the proper school officers, to reorganize the districts as they were before, than to open up an indefinite field of strife and litigation by now nullifying the action of the trustees, and thereby declaring everything done pursuant thereto illegal.

Some question was made in, argument as to the right to consider this question on appeal, but we presume not seriously, since the right of appeal now exists, by statute, from all final judgments.

It is true, the court below was invested with discretion, to some extent, whether to grant or to refuse the writ, but that discretion did not authorize the granting of the writ in a case where, by law, it clearly ought not to have been granted. The discretion was not an arbitrary one, but one to be exercised in subordination to legal principles, and we may always inquire whether those principles have been adhered to or departed from.

The judgment is reversed.

*Judgment reversed.*