BOARD OF SUPERVISORS

*v.*

H. S. MAGOON.

*Filed at Ottawa March 13, 1884.*

1. CERTIORARI—*at common law—not a writ of right, as to private persons—its proper office.* At common law the writ of *certiorari* was used principally in criminal cases, to remove them from an inferior tribunal to the court of King's Bench for trial. The writ went as a matter of right on the application of the Crown, but when made by the defendant he was required to show cause. As to a private person, the writ was not a writ of right, but cause had to be shown by the petition.

2. The writ was also used to bring before the court of King's Bench the record of commissioners of the poor, and other rates, and in cases where an individual was sued in a court having no jurisdiction, and no appeal or writ of error was given by law, and in cases where the jurisdiction had been exceeded, or it appeared that the proceeding was against the law.

3. SAME—*how far discretionary.* The allowance of a common law writ of *certiorari* is largely a matter of discretion with the court. This discretion, however, is not an arbitrary one, but is one subject to review by a court of review.

4. SAME—*at whose instance the writ will lie—as to questioning proceedings instituted by the petitioner.* A person who prosecuted a petition to alter a road over his land before the commissioners of highways, and was present at every step taken, will not be allowed by *certiorari* to question the legality of the proceeding in case the decision is adverse to him. If he acts in the matter as though the proceeding was in conformity to the law, he will be bound by his acts, and estopped from questioning its legality or regularity.

5. HIGHWAYS—*notice—estoppel.* A party seeking the alteration of a road over his land, by appearing before the highway commissioners at their meeting to determine whether to grant the application, and is heard by them, admits that proper notice of the time and place of the hearing was given, and he will thereafter be estopped from denying the same.

6. Where a party appears at the time and place fixed for the hearing by the supervisors, of an appeal from the highway commissioners, and obtains a continuance of the time of the hearing, and on the day to which the same was continued, he and the other parties appear, and are heard until the final conclusion is reached, he will be estopped from urging afterward that sufficient notice of the appeal was not given.

7. SAME—*evidence of notice, by recitals.* Where highway commissioners recite, in their order denying the prayer of a petitioner to alter a road, that they met at the time and place named in the notice of the hearing, that will be sufficient evidence that proper notice was given.

8. SAME—*continuance, requires no proclamation.* The statute does not require the supervisors on an appeal from an order of the highway commissioners, on granting a continuance of the hearing of the appeal, to make proclamation of the continuance or postponement. All persons having an interest are presumed to be present, and to take notice of the adjournments of the supervisors.

9. SAME—*time of announcing decision of supervisors, on appeal.* The statute does not require the supervisors to whom an appeal is taken from an order of the highway commissioners, to announce their decision within twenty days from their first meeting. It fixes no time in which their decision shall be reached and announced. It is sufficient if the report of the supervisors shall be filed with the town clerk within ten days after it has been made.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Jo Daviess county; the Hon. WILLIAM BROWN, Judge, presiding.

Messrs. D. & T. J. SHEEAN, for the appellants:

The finding of the giving of the proper notice by the supervisors in their order, is conclusive in this proceeding. The law does not require the notices to be preserved. *Shinkle* v. *Magill*, 58 Ill. 424.

The averments in the return to the writ are important to be considered. *Commissioners* v. *Supervisors of Carthage*, 27 Ill. 142; *Commissioners* v. *Harper*, 38 id. 109.

The commissioners might have received any competent evidence of the posting, and if their order shows that such fact has been proved, it is sufficient. *Frizell* v. *Rogers*, 82 Ill. 111.

An appeal presupposes and is a recognition of jurisdiction, and the finding by the supervisors that the jurisdictional notice was given, is sufficient. *Wells* v. *Hicks*, 27 Ill. 345; *Frizell* v. *Rogers*, 82 id. 111.

There is no limit in the statute to the time when the supervisors may hear the appeal, except it shall be in advance of the time they meet, to fix it a sufficient length of time to allow the party appealing to give the three days' notice before the appeal is heard. The case of *Corley* v. *Kennedy*, 28 Ill. 143, was made under a very different statute.

In this case all parties met at the time and place fixed by the supervisors, and appellee obtained a continuance of the hearing, and at the adjourned meeting the parties again met, and introduced evidence. This of itself was a waiver of the objection now made. *Anderson* v. *Wood*, 80 Ill. 16; *Town of Winfield* v. *Moffatt*, 42 id. 49.

The statute does not require that the supervisors shall make public proclamation of adjournments, or post up notices

thereof; but if it did, the omission to do so is not jurisdictional. *Allison* v. *Commissioners*, 54 Ill. 170.

Section 72 of the Road law, limiting the time for a final decision, applies only to the commissioners, and not to the supervisors. If it did, it would be merely directory. *Ryan* v. *Vanlandingham*, 7 Port. 424; *People* v. *Cook*, 14 Barb. 290; *Holland* v. *Osgood*, 8 Vt. 280; *Whalin* v. *City of Macomb*, 76 Ill. 52.

By taking the appeal and obtaining a continuance, the party appealing is estopped from denying jurisdiction in either the commissioners or the supervisors. *Heffner* v. *Vandolah*, 57 Ill. 520; *Dows* v. *Naper*, 91 id. 44; *Frick* v. *Trustees of Schools*, 99 id. 167.

Mr. M. Y. JOHNSON, and Mr. E. L. BEDFORD, for the appellee:

Nothing was before the court but the question of the regularity of the proceedings as they appeared of record. *Doolittle* v. *G. and G. W. R. R. Co.* 14 Ill. 383; *Commissioners* v. *Supervisors*, 27 id. 140.

No trial can be had upon any issue of fact, or anything *dehors* the record. *Commissioners* v. *Supervisors*, 27 Ill. 140; *C. and I. R. R. Co.* v. *Fell*, 22 id. 333.

Notice must be given, as required by statute, of the meeting of the commissioners of highways. A want of it will vitiate their proceedings. It is jurisdictional. *Commissioners* v. *Harper*, 38 Ill. 103; *Cooley* v. *Kennedy*, 28 id. 143.

Giving the notice was a jurisdictional fact, as it is nowhere recited in the record they were posted, and no affidavit or evidence of record as to the fact. It could never be presumed to give jurisdiction. *Shinkle* v. *Magill*, 58 Ill. 424; *Frizell* v. *Rogers*, 82 id. 109.

A party is never estopped from denying jurisdiction when it does not in fact exist, and the statute referred to is not merely directory, but is mandatory.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellee sued out a common law writ of *certiorari*, to bring before the court the record of the proceedings of the road commissioners of Scoles Mound township, in Jo Daviess county, and of three supervisors, refusing to alter a road in that township. On the application and petition for its alteration, the road commissioners refused to grant the prayer of the petition, and the case was appealed to three supervisors, who, after hearing the evidence for and against, on a protracted trial, lasting a number of days, affirmed the decision of the road commissioners, and to vacate and quash these proceedings appellee sued out the writ. On a hearing in the circuit court the proceeding was quashed. From that judgment an appeal was prosecuted to the Appellate Court for the Second District, which affirmed the judgment of the circuit court, and the case is brought to this court by appeal.

The scope of this writ is quite limited at common law. Its operation was enlarged, or the practice regulated, by acts of parliament never in force in this State. It was used principally in criminal cases, to remove them from inferior tribunals to the court of King's Bench for trial. The writ went, as a matter of course, on the application of the Crown; but when made by the defendant, he was required to show cause. It, as to the defendant, or a private person or private right, was not a writ of right. (*Trustees of Schools* v. *School Directors,* 88 Ill. 100.) Cause must be shown by the petition, or it will not be granted, or if it is granted, it must be quashed. It was also used to bring before the court of King's Bench the record of commissioners of the poor, and other rates, and in cases where an individual was sued in a court having no jurisdiction, and no appeal or writ of error was given by law, or the jurisdiction had been exceeded, or it appeared that the proceeding was against law. The proceedings on the

return of the record were confined solely to the record of the lower court or tribunal, unless it were in criminal cases removed to the King's Bench for trial, as other criminal cases instituted, to be tried at *nisi prius.* The purpose of the writ was, in all cases, to prevent injustice. Except in criminal cases it was only allowed where there was no appeal or writ of error, and where there was a wrong and injury that could not be otherwise corrected. It was used to prevent irreparable wrong or injury. Unless the writ was asked in a case involving a private matter, it was required to be sought by the attorney for the Crown, or the prosecutor. In matters in which the rights of the public were concerned, the writ was alone prosecuted by the representative of the public. But whether it shall, or not, be granted, is largely a matter of discretion. The doctrine was so announced in *Hyslop* v. *Finch,* 99 Ill. 171, and the same doctrine was recognized in *Trustees of Schools* v. *School Directors,* 88 Ill. 100, and they announce that this discretion is not an arbitrary exercise of judicial power, but is one that is subject to review. If the discretion has been improvidently exercised in issuing the writ, the error will be corrected on appeal.

If not the prime mover in this proceeding, appellee was one of its promoters. He signed the petition, and seems to have been active in pressing its allowance, and he, at every step in the proceeding, which was to alter a road running over his land, as we understand the record, pressed the petition precisely as though every step was regular and in exact conformity, in every particular, with the requirements of the statute. He had all the notice, and every right was extended to him, that he was entitled to under the statute. He was pressing the petition, and if there was any material requirement omitted he must have then known it, and should have had it corrected before proceeding further. He had no right to trifle with the process of the law, to speculate on the chances of a favorable result, and when it proved adverse, then to

turn and claim that what he did was illegal and void.   To permit him to so act would render such proceedings vexatious and expensive to no beneficial purpose.   Although a person who took no part in the proceeding, or a person opposing a proceeding of this character, might question the correctness of every material step taken, we think appellee is precluded from saying that what he did was not legal, after having urged all of his acts, or from saying those he caused to be performed are illegal and void.   He assisted in the inauguration of the proceeding, and acted upon what he and others did as though in conformity to law, and he must be bound by such acts.

As to the objection that the highway commissioners are not shown by the record to have posted the notices required, of the time set for hearing, the record of the town clerk recites that the notice was given, and names the places where they were posted.   By appearing and proceeding to a hearing appellee admitted there was notice, and he is estopped to afterwards deny it.   Whether or not there was proper notice, he waived that by appearing and proceeding with his application.   He had sufficient notice to enable him to appear and be heard, and he was not injured for the want of notice. Whether others not appearing and participating in the proceeding are estopped, is a question not before us for decision. The commissioners recite, in the order entered at the hearing, that they met at the time and place named in the notice, and that is evidence that notice was given.   (See *Wells* v. *Hicks*, 27 Ill. 345; *Frizell* v. *Rogers*, 82 id. 109.)   We are clearly of opinion the record shows that the highway commissioners had jurisdiction.

It is urged that the notice was not given of the time and place of the hearing of the appeal, as required by the statute. It is a sufficient answer to this objection to say that appellee appeared at the time, and moved for and obtained a continuance of the time for hearing the appeal, and on the day to

which it was continued he and the other parties appeared, and the hearing was entered upon and continued until the final result was reached. He is thereby estopped from urging there was not a sufficient notice given of the appeal. *Anderson* v. *Wood*, 80 Ill. 16, is decisive of this question.

It is urged that the record fails to show that proclamation was made or notice given of the continuance of the hearing from the 13th to the 29th day of March. We fail to find any such requirement of the statute. All parties having any interest in the matter are presumed to be present, and to take notice of the adjournments of the supervisors. Appellee had notice, and appeared on the 29th, and has no right to complain. He was deprived of no right.

It is urged that the supervisors did not announce their decision whether they would grant or refuse the prayer of the petition, within twenty days of their first meeting. Appellee himself, at the first meeting, procured a continuance for sixteen days, and he was heard by counsel and witnesses, which occupied the time of the supervisors, and as he produced the delay by procuring a continuance of his own case, he surely should not be heard to complain. The only limitation on the time when the appeal shall be heard, seems, by the 99th section of chapter 121, to be, that the person appealing shall give notice of the appeal, to the highway commissioners, and to at least three of the petitioners, and also to the same parties a notice when and where such appeal will be tried, at least three days before such trial, within ten days after such decision has been filed in the office of the proper clerk. The 100th section provides that the supervisors shall fix upon a time and place when such appeal shall be heard by them. The 99th section requires that notice of such time and place shall be given within ten days after the decision of the highway commissioners shall be filed with the town clerk. That section also provides that upon such appeal the supervisors shall have the same power and authority as is conferred on the

commissioners of highways, not only in regard to the laying out, altering, widening or vacating any road, but shall have the same power to cause a jury to be summoned to assess damages, etc. It will be observed that whilst this section confers the same power, it does not limit its exercise to the manner prescribed in previous sections as to its exercise by the highway commissioners. But there is no provision relating to the action of the supervisors in trying the appeal, prescribing the time in which the decision shall be reached and announced. In that regard there is no limitation as to the time when the decision shall be made and announced. The 101st section simply provides that they shall make a report of their proceedings and decision in like manner as is required of the commissioners. The 72d and 73d sections provide for the manner in which the commissioners shall proceed to try the petition. The latter of these sections requires the commissioners to indorse on or annex to the petition a brief memorandum of their decision, which shall be signed by the commissioners and filed in the office of the town clerk, so indorsed or annexed, within ten days after it shall be made. The report of the supervisors complied strictly with this requirement, and it must be held sufficient.

A careful consideration of the record satisfies us that there is no error of which appellee can complain. The circuit court should have quashed the writ and dismissed the proceeding. The Appellate Court erred in affirming the judgment of the circuit court, and the judgment of the Appellate Court is reversed and the cause remanded.

*Judgment reversed.*