# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

SECOND DISTRICT—DECEMBER TERM, 1887.

F. M. CHAPMAN

v.

THE DRAINAGE COMMISSIONERS OF DISTRICT No. 3.

*Drainage—Construction of Statute—Certiorari—Petition for Writ—Laches—Classification—Informality—Estoppel—Practice.*

· 1.  The failure of the commissioners to classify lands which should be classified at zero because not benefited by a proposed ditch, is an informality which will not sustain a petition for a writ of *certiorari* to have the proceedings for the organization of a drainage district quashed.

2.  The drainage acts are liberally construed to promote the object in view.

3.  The writ of *certiorari* is not a writ of right. Its allowance is within the sound discretion of the court and oral evidence may be heard as to whether it should be allowed.

4.  Under the circumstances of the case presented the action of the petitioner in suing out the writ was too long delayed.

5.  A question touching the failure of the record to show notice prior to the confirmation of the classification in question, can not be first raised in this court, especially as the record appears to have been made up by agreement.

[Opinion filed May 28, 1888.]

APPEAL from the Circuit Court of Iroquois County; the Hon. ALFRED SAMPLE, Judge, presiding.

This was *certiorari* commenced in the Circuit Court on the

(17)

petition of appellant filed March 17, 1887, and the writ was dated March 24, 1887, and return of service April 2, 1887. The petition for the writ recites the original petition for the formation of the drainage district under drainage act of July 1, 1885, giving a copy of the petition with the names of the signers, one of whom is the appellant, the petition being filed with the town clerk October 14, 1885, the order organizing the district, November 27, 1885, which order added certain lands to the district not prayed for in the original petition, and permitted additional signatures; certificate of drainage commissioners November 17, 1886, and an order that the amount of $4,000 be raised by special assessment upon the lands of the district, as the same may be necessary, apportioning the amount among the several tracts, etc.; the town clerk's certificate and order of the commissioners of the graduated scale of classification (which is copied) signed by commissioners October 15, 1886; also amendatory classification as to several tracts of lands on the objection of certain parties, dated November 3, 1886; and a special assessment list made by the commissioners which is copied and dated and filed with the town clerk November 17, 1886.

The appellant then averred in his petition that he was the owner of all the lands mentioned in the special assessment list marked in the name of F. M. Chapman, and was interested in having said special assessment legally made and in having all the lands in said drainage district classified, and when found to be benefited, assessed their just and equal portion, and the petition showed that by the record aforesaid the whole of sections 19 in range 11, east 3 P. M., and 19 in 14, west 2 P. M. were omitted from the classification and assessment, and the N. E. $\frac{1}{4}$, S. W. $\frac{1}{4}$ of section 23, R. 14, is included in the classification although lying without the district, and that N. E. S. E. section 23 is not included in the classification though wholly lying within the district; avers that such omission of such lands from the classification was illegal and without the jurisdiction of the commissioners and resulted in great damage to the petitioner, etc., and prays that the defendants may certify into court a full, true and perfect transcript of all the records,

Chapman v. Drainage Commissioners.

papers, documents, etc., and files connected with the district, etc., and the court may inspect the record and proceedings and quash the same.

The commissioners answer the petition and adopt the papers and files set out in the petition, and add other portions of the record.

Order of the commissioners dated August 25, 1886, that on account of the jury assessing the right of way too high, etc., they abandoned the work as laid out (reciting the work abandoned) and ordering R. McDougall, a surveyor of said county, to make a survey and report.

Then map of survey by McDougall in lieu of the first work August 28, 1886, filed with clerk September 7, 1886, ordered new survey by Stanford and shows his report, gives map showing drainage across section 23 according to Stanford's report. New route adopted. The commissioners further answer that on account of the change in the route of the ditch said sections 19 and 19 would not be at all benefited and if said sections had been classified it would have been at zero, and no tax assessed against the same.

The answer further shows that a great proportion of the assessment on lands in said district have been paid and contract let for the work, and a great amount of money collected and paid out, so the parties can not be placed in *statu quo*, which answer was signed by the clerk and commissioners and filed in court June 2, 1887. May 31, 1887, appellant moved to quash a part of the return made by appellees, which motion was overruled. The cause was then heard, and the testimony of witnesses was heard in open court, and the petition was dismissed and *certiorari* quashed.

The cause was heard upon the petition, answer of defendants and the testimony, it being agreed between the petitioner and defendants that wherein the proceedings of the commissioners are purported to be set out by the petitioner in his petition they were correct, and that so far as defendants' answer purported to set out the proceedings of the commissioners the same were correct. The oral evidence showed that the commissioners talked the matter over in regard to the two sec-

tions 19, and came to the conclusion that after the change of the plan in the ditching, they would not be benefited; and if they had been classified, they would have been classified at zero. The commissioners did not know what to do, so they concluded to let it drop and not classify these lands. They did not think they had a right to change the district at that time. The petitioner was one of the prime movers to vacate the work, and adopt the plan now on file. He said he would give up his ditches, right of way, all his rights in the ditches. The ditches did not come within three-fourths of a mile of sections 19.

Messrs. KAY & EUANS, for appellant.

Messrs. HARRIS & HOOPER, for appellees.

LACEY, J.   The only complaint in the petition was as to the failure of the commissioners to classify the two sections 19 and one other tract, and for classifying one tract not in the district.   The only complaint made here in appellant's brief, is the failure to classify said two sections.   The complaint as to the other tracts appears for some reason to be abandoned.

It pretty clearly appears from the evidence that on account of the change of the route of the ditch after the two sections had been taken into the district they would not be at all benefited by the drainage.   The appellant was a promoter and adviser of the change made by the commissioners.   According to the statute the two sections should have been classified, though if not benefited it might have been at zero. If they had been classified at zero no tax could have been assessed against them and the appellant could not have been benefited by any supposed reduction of his own tax by reason of the two sections having been classified.   It is a mere technical complaint having no merit.

Sec. 15 of the Drainage Act of 1885 (see Session L. 1885, p. 82) provides that a petitioner shall be conclusively presumed to accept " the provisions of the act as to assessments, benefits and damages."   He is estopped from complaining in

this proceeding that his assessment is not just and from seeking to quash the proceedings for that reason.

The Drainage Act, Sec. 78, provides "that the acts and proceedings done and the rights acquired (under this act), if in substantial compliance to law, shall not be held to be void from merely technical informality of proceedings, where no substantial rights of persons or property are adversely affected."

It will be seen from what we have said that "no substantial right of appellant was adversely affected." He was not injured by the failure to classify the sections in question to the extent of a dollar. The same section also provides that the Drainage Act shall be liberally construed to effect the object designed by the legislature. See opinion of this court in Lees v. Drainage Commissioners, 24 Ill. App. 487, affirmed in the Supreme Court by opinion filed at Ottawa May 9, 1887.

The writ of *certiorari* is not a writ of right. It is within the sound discretion of the court whether it will be allowed or not, and oral evidence may be heard to enlighten the court's conscience on that point. Hyslop et al. v. Finch, 99 Ill. 171.

The record shows that appellant delayed his action in suing out his writ from November 17, 1886, when the assessment was made, to March 17, 1887. The evidence shows that a greater proportion of the assessment on lands in the district had been paid and contract let for the work, and a great amount of money collected and paid out. But as the assessments were due before the writ was sued out the presumption would be that it was paid. Many other parties are deeply interested in this record and it would, no doubt, be a great damage to many to have the record quashed.

We think the court should not have exercised its discretion in allowing the writ, which it afterward quashed and cured the error. The appellant should have taken immediate steps. He waited too long. Board of Supervisors v. McCoon, 109 Ill. 142.

What has been said sufficiently disposes of all the points raised by appellant. One other question is raised in regard to the record failing to show notice prior to the confirmation of the classification under Sec. 23 of the act. This point, so far as

we can see, was not made in the court below, being made here for the first time. It appears also that the record was made up by agreement.

It was agreed "that wherein the proceedings of the commissioners are purported to be set out by the petitioner in his petition they were correct, and that so far as the defendant's answer purported to set out the proceedings of the commissioners, the same were correct."

The case was then tried on the proceedings as set out in the petition and answer. It did not purport to contain all the proceedings and papers and only so much of the record as was necessary to raise the question of the omission to classify the two sections was brought to the attention of the court. No point of want of notice was suggested or claimed in the petition and no record was thought necessary to be produced in the answer to show notice.

It would be taking an unfair advantage of the appellees to allow that question to be raised for the first time in this court.

Besides this, we think this petition was made too late.

The judgment of the court below is therefore affirmed.

*Judgment affirmed.*