Drainage Commissioners v. Volke.

## Drainage Commissioners v. Paulus Volke.

1. CERTIORARI—*Statute of Limitations.*—Mere lapse of time alone, short of the limitation for the prosecution of a writ of error, will not bar the issuing of a common law writ of certiorari.

2. SAME—*When Barred by Laches.*—To bar the writ of certiorari by *laches* of the petitioner, it must appear that since the making of the record sought to be reviewed, and upon its assumed validity, something has been done so that great public detriment or inconvenience might result from declaring it invalid.

3. SAME—*Must be Determined from the Record Alone.*—The judgment to be entered upon a return to a common law writ of certiorari affects the validity of the record alone, and must be determined from the face of the record alone, whether it is valid or invalid.

4. CONDEMNATION PROCEEDINGS—*Objections to be Made at the First Opportunity.*—If a person against whose lands condemnation proceedings are begun under the drainage act, and who appears before the justice and does not object there to the proceedings on the ground that no attempt has been made to settle with him, he can not raise the point upon certiorari in the Circuit Court.

5. DAMAGES—*Under the Farm Drainage Act, for Lands Actually Taken.*—In condemnation proceedings under section 58 of the farm drainage act, approved June 27, 1885, providing that the jury shall hear the evidence as to the value of the land proposed to be taken and all damages consequent upon the construction of the proposed work, may go upon the premises for the purpose of viewing them, and shall return as their verdict the amount of damages found, if any, in favor of the owner or owners, and against the commissioners, the words "if any" do not authorize the jury to return a verdict that the owner is entitled to no damages for the land actually taken for the drain.

6.   SAME—*Right to Consider Benefits.*—Under the act to provide for drainage for agricultural and sanitary purposes, etc., approved June 27, 1885, the jury, in estimating damages for lands actually taken, are not warranted in considering benefits to other lands of the owner.

7.   DRAINAGE ACTS—*Levee and Farm Drainage Acts.*—The " Levee Act " and the " Farm Drainage Act" are separate and independent codes of law on the subject of drainage.   A district organized under the farm drainage act is subject only to the provisions of that act, and those of the levee act have no application to it.

Certiorari.—Drainage proceedings.   Appeal from the Circuit Court of Will County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the December term, 1894.   Affirmed.   Opinion filed May 28, 1895.

### STATEMENT OF THE CASE.

On the 7th of June, 1894, appellee filed a petition for writ of certiorari, showing that on the 13th of March, 1893, the commissioners of the Union Drainage District, a drainage district situated in Cook and Will counties, instituted proceedings before a justice of the peace to condemn a right of way for a ditch over appellee's land; that he was summoned as the owner of the land and appeared; that a hearing was had before a jury, who found that appellee was entitled to no damages; that the commissioners thereafter entered upon the land and made excavations to the injury of the land and that they threaten to make further excavation.   The petition charges that no offer of settlement was made by the commissioners before instituting the proceedings before the justice of the peace ; that no description of the land appears in the record of the district so as to give the district title to any specific part of the land, and that there is no sufficient record in the district to justify the taking of any part of the land.

A writ of certiorari issued and was served upon the commissioners and the clerk of the commissioners.

In support of a motion to quash the writ and dismiss the petition appellants offered as evidence parol testimony showing that after the finding of the jury the commissioners entered upon the land and constructed a ditch across it five feet deep, twenty-two feet wide on top and sixteen feet at

the bottom; that other ditches consisting of main drain five miles long and a branch drain of two miles had been constructed at an expense of about $12,000.

But the court refused to consider the testimony and overruled the motion to quash the writ and dismiss the petition.

The clerk of the drainage commissioners then made the following return :

STATE OF ILLINOIS, ⎫
    Will County,    ⎬ ss.   Before David S. Stephen, Justice
                    ⎭           of the Peace.

In the matter of the application of Drainage Commissioners of Union District No. 1, in the town of Frankfort in the county of Will, and town of Rich in the county of Cook, for assessment of damages of Paulus Volke to land for drain.   1893, March 13th, statement of drainage commissioners filed requesting jury to assess damages of Paulus Volke to his land by reason of constructing over same. Venire of impaneling jury; returned served by constable, Wm. H. Logan, as follows :

Personally served the within notice on the within named Paulus Volke by reading the same to him this 16th day of March, 1893.

1893, March 20th, parties appear; venire returned and following jury impaneled : Mark W. Hunt, G. J. Lankenau, W. M. Leffler, Fred Stauffenberg, Fred Block and Pete Pfeifer.   Jury sworn and court adjourned until 4 o'clock P. M., for the purpose of permitting the jury to view the land.

1893, March 20th, 4 P. M.   Case called; upon hearing the allegations and proofs of the parties the jury return their verdict that the defendant, Paulus Volke, is entitled to no damages.   It is therefore considered by the court that Paulus Volke sustains no damages by reason of said drain, therefore can not recover damages of said drainage commissioners.

DAVID S. STEPHEN,<br>Justice of the Peace.

Indorsed :   Filed in my office March 24, 1893.

H. F. LUEHRS,<br>Drainage Clerk.

In addition to above transcript of file, attention of the court is invited to the plans, profile, specifications and map of said drainage district.

                    Respectfully submitted,

                              FRED BRUGGEMAN. ·

By J. W. D'ARCY.   Filed October 2, 1894.

October 2, 1894, defendants offered to make the same proofs and evidence as presented on the motion to quash the writ.

The court ordered "that the record and proceedings be quashed and held for naught." To which order of the court the defendant accepted and prayed an appeal.

JOHN W. D'ARCY, attorney for appellants.

HALEY & O'DONNELL and O. MCGOVENEY, attorneys for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

Appellant's first point of contention is that the writ should have been quashed because of the lapse of time between the condemnation of the land and the suing out of the writ.

Mere lapse of time alone, short of the limitation for the prosecution of a writ of error, will not bar the issuing of a common law certiorari.   Hyslop et al. v. Finch, 99 Ill. 171.

To be barred by the *laches* of the petitioner, it must appear that since the making of the record sought to be reviewed, and upon its assumed validity, something has been done so that great public detriment or inconvenience might result from declaring it invalid.

A good illustration of the rule when *laches* should bar is found in the case of Trustees, etc., v. School Directors, 88 Ill. 100.

The petition for the writ is addressed to the discretion of the court, and so when the petition is filed either in resistance of an order for the writ, or upon a motion to dismiss

the petition, extrinsic evidence may be heard, not for the purpose of contradicting or enlarging the record, but to show that no injustice has been done the petitioner, or that great public detriment and inconvenience might result from quashing the proceedings.

It is contended that the evidence offered by appellants to the effect that after the condemnation proceedings against appellee's land were had, the commissioners spent some $12,000 in digging ditches, was sufficient to sustain their motion to quash the writ and dismiss the petition, and should have been considered by the court to that end.

It should be observed that the writ in this case does not question the organization of the drainage district. The quashing of the proceeding, whereby appellee's land was condemned, would by no means result in the loss to the district of what had been expended by the commissioners in constructing ditches. There is nothing in the way of appellants' proceeding again to condemn, if they are unable to arrive at an agreement with appellee.

We agree with the Circuit Court that the evidence offered by appellants on the motion to quash the writ and dismiss the petition was not sufficient.

Clearly, it could not be considered on the hearing, on the return to the writ made by the drainage clerk. The judgment to be entered on the return to a common law writ of certiorari affects the validity of the record alone, and it must be determined from its face solely, whether it is valid or invalid.

To the contention of appellee that the proceedings should be quashed because the record is silent as to any attempt of the commissioners to procure the right of way by agreement with him before commencing the proceedings, it may be said that appellee would be in a better position to urge this point, if his petition did not show that he appeared before the justice in answer to the summons, and entered upon the trial of the question of damages without objecting that no attempt to settle with him had been made.

For the reason that the record shows that the jury allowed appellee no damages for the land taken for the ditch, the

Circuit Court properly rendered judgment quashing the proceedings. The proceedings were under the farm drainage act, and the language governing the conduct of the jury, is: "The jury shall hear the evidence offered in the case as to the value of the land proposed to be taken and all damages consequent upon the construction of the proposed work, and may go upon the premises for the purpose of viewing them; and they shall return as their verdict the amount of damages found, if any, in favor of the owner or owners and against the commissioners." We do not think the words "if any," authorized the jury to return a verdict that appellee was entitled to no damage for the land actually taken for the ditch.

They could have arrived at no such conclusion without considering benefits. But under the statute under which the proceedings were had, the jury had no right to consider benefits. The provisions of this act must not be confused with those of the levee act. Our Supreme Court has held that the levee act and the farm drainage act are separate and independent codes of law applicable to the subject of drainage. A district organized under the farm drainage act is subject only to the provisions of that act, and those of the other act have no application to it. Gauen et al. v. Drainage District, 131 Ill. 446.

Acting under this act, a jury must in its verdict find as damages the value of the ground used for the ditch, and if the tract through which the ditch passes is otherwise damaged it must be included. The commissioners fix the classification of lands and assess the benefits. Judgment affirmed.