JOHN DESLAURIES *et al.*

*v.*

TREFFLY SOUCIE *et al.*

*Opinion filed October 23, 1906.*

1. CERTIORARI—*certiorari is not granted as a matter of right.* Certiorari may be granted or denied in the discretion of the court, according to the showing made in each particular case, and evidence extrinsic to the record may be heard before issuing the writ, to show that no injustice has been done.

2. SAME—*when extrinsic evidence may be heard.* On motion to quash a writ of *certiorari* and dismiss the petition extrinsic evidence may be heard, not for the purpose of contradicting or enlarging the record, but to show that public detriment and inconvénience will result from quashing the original proceeding.

3. SAME—*when writ is properly quashed.* A writ of *certiorari* to review the record of the organization of a drainage district is properly quashed where, owing to lapse of time, incurring debts and levying taxes, public detriment will result from quashing the original proceeding, and where the parties petitioning for the writ had acquiesced in the organization without objection, and the parties who it is claimed were not properly notified of the organization proceeding are not complaining of the want of notice.

4. APPEALS AND ERRORS—*when parties cannot urge the lack of notice on appeal.* Parties petitioning for a writ of *certiorari* to review the record of a drainage district organization who expressly aver in their petition that a proper notice of one of the meetings of the commissioners was given, cannot for the first time urge upon appeal that the notice of such meeting was defective.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kankakee county; the Hon. L. C. RUTH, Judge, presiding.

Appellants filed a petition in the circuit court of Kankakee county for a common law writ of *certiorari* directed against appellees, drainage commissioners of Union District No. 1 of the towns of Manteno and Sumner, in said county, commanding that they certify a complete transcript

of the record and papers relating to the attempted organization of the said district, that the court might inspect such records and proceedings and set them aside if found irregular. The writ was issued on a vacation order. The defendants moved to quash the writ and dismiss the petition. The motion is set out in the record, and states that various acts had been performed before the filing of the petition assuming the validity of the organization, that the quashing of the organization would result in great public inconvenience and detriment and that no injustice had been done the petitioners. On a hearing before the court on this motion it appeared that the petition for the organization of the district was filed June 20, 1903; that various meetings were held, and at an adjourned meeting July 20, 1903, certain changes were made in the boundaries of the district taking out certain lands and including certain others not mentioned originally, among which were those of William Graham and Robert Parker. It is claimed that the record does not affirmatively show notice to Parker and Graham. At an adjourned meeting July 30 the district was organized, and an engineer previously employed made a detailed report of the survey of the district and an estimate of the cost, with specifications. The commissioners made contracts for right of way with various property owners and commenced proceedings for condemnation against others, some of which were settled by agreement and others tried and damages awarded. Later on the land in the district was classified and notice given that the commissioners would hear objections to the same. A hearing was had in accordance with such notice and objections overruled. On November 17, 1904, the commissioners made a special assessment against the highways, and in February, 1904, one against the lands. On March 2 the commissioners made an order for the collection of the assessment, to be paid in thirty days. March 12 an election was held, at which appellant Deslauries and appellee Graham voted and at which Graham was elected com-

missioner. This petition for writ of *certiorari* was filed on April 28, 1904. After hearing, the motion to quash the writ was allowed and petition dismissed. On appeal to the Appellate Court the judgment of the lower court was af-firmed.

W. R. HUNTER, and GRANGER & GRANGER, for appellants.

A. E. SMITH, and CHARLES B. CAMPBELL, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellants have not complied with rule 15 of this court by filing a copy of the opinion of the Appellate Court. We would be justified in dismissing the appeal on this ground alone, but prefer to consider and dispose of the case on the briefs and record presented.

The writ of *certiorari* is not granted as a writ of right, and may be granted or denied in the discretion of the court, according to the showing made in each particular case. (*Trustees of Schools* v. *School Directors,* 88 Ill. 100; *Commissioners of Highways* v. *Barnes,* 195 id. 43; 4 Ency. of Pl. & Pr. p. 31.) Being addressed to the sound judicial discretion of the court, evidence extrinsic to the record may be very properly received before issuing the writ, to show that no injustice has been done, for on the return of the writ the court will only look to the record. (*Board of Supervisors* v. *Magoon,* 109 Ill. 142; *Hyslop* v. *Finch,* 99 id. 171; *Sampson* v. *Commissioners of Highways,* 115 Ill. App. 443; *School Directors* v. *School Trustees,* 91 id. 96.) After the writ has been issued, on motion to quash the writ and dismiss the petition extrinsic evidence may then be heard, not for the purpose of contradicting or enlarging the record, but to show that public detriment and inconvenience might result from quashing the original proceedings. (*Drainage Comrs.* v. *Volke,* 163 Ill. 243; *Sampson* v. *Commissioners of Highways, supra.*) Appellants insist that the record in-

troduced below, of the proceedings of the commissioners, only can be looked to here. But the case was not heard on this theory. There is nothing in the testimony to show that the evidence introduced by the appellees is the entire record that would have been made a part of the return to the writ. The writ was disposed of in the trial court on motion to quash. We do not think the trial court erred in so doing without first requiring the defendants to make return to the writ.

Appellants argue that there was a defective notice as to one of the meetings of the commissioners, in that there was a blank in the copy offered in evidence where the date of the meeting should have appeared. They are not in a position to urge that point at this time, as they expressly averred in their petition for the writ of *certiorari* that a proper notice had been given of the meeting in question, and they cannot for the first time, on appeal, urge that point. *Chapman* v. *Drainage Comrs.* 28 Ill. App. 17.

The principal contention of appellants is, that the record in this case does not affirmatively show the required notice to Graham and Parker, who were not signers of the original petition and whose land was afterwards taken in at an adjourned meeting. Neither Graham nor Parker is here objecting to the validity of the organization of the district. To the contrary, Graham is one of the drainage commissioners and is here contending for the legality of the proceedings.

It is urged that on the authority of *Sanner* v. *Union Drainage District,* 175 Ill. 575, such question can be raised in this manner by any interested parties. The court evidently allowed the motion to quash on the ground that the district had been organized and in operation for some time, and that contracts had been made, expenses incurred, taxes levied and presumably collected,—in short, that it had been carrying out the purposes of its organization as a going district for months, and therefore the common law writ of *certiorari* could not be used to test the legality of its exist-

ence.  (*Lees* v. *Drainage Comrs.* 125 Ill. 47; *Sanner* v. *Union Drainage District, supra; School Directors* v. *School Trustees, supra.*)  From the time the petition for this district was filed, June 20, 1903, until the petition for the writ of *certiorari,* April 28, 1904, steps were continuous for organizing the district and carrying on its business.  Manifestly, from the evidence in this record all three appellants were cognizant of the entire proceedings.  One of them voted at the election for drainage commissioners; another entered into a contract for right of way across her lands, and the third waived all claim for damages.  The lack of notice to Graham certainly cannot be raised by them, as he is here contending for the legality of the proceedings.  The other land owner, Parker, has not complained because of any lack of notice.  If there be a defect in the notice of such nature that it might be raised by appellants, such defect could as well be presented by a writ of *quo warranto,* and the district could then prove actual notice, even though such notice was not shown by the record.

On the facts presented here, this case comes clearly within the doctrine in *School Directors* v. *School Trustees, supra,* where, by reason of lapse of time, acquiescence of the parties complaining, incurring debts, levying taxes, etc., it would have been an abuse of the sound legal discretion of the court and a great public detriment to have quashed the proceedings.  The errors, at most, are technical and harmless, so far as appellants are concerned, and are not shown to be such as would cause substantial injustice to anyone.

The judgment of the Appellate Court will accordingly be affirmed.    *Judgment affirmed.*

FARMER and VICKERS, JJ., having heard this case in the Appellate Court, took no part in its decision here,