### Frank B. Gay v. City of Chicago et al.

#### Gen. No. 13,153.

1. CERTIORARI—*when laches bars right of review by.* A delay of a year in applying for a writ of *certiorari* to review the proceedings of the civil service commission constitutes such laches as will bar the remedy.

*Certiorari* proceeding. Error to the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed March 18, 1907.

A. D. GASH, for plaintiff in error.

MICHAEL F. SULLIVAN, for defendants in error; JAMES HAMILTON LEWIS, Corporation Counsel, of counsel.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is error to reverse a judgment of the Circuit Court, quashing a writ of *certiorari*. The abstract of

the petition for the writ, from which we would expect to ascertain the grounds on which the petitioner sued it out, occupies less than six lines of the abstract and is wholly insufficient, so that we have been compelled to read the petition in the record.  The petition was filed June 10, 1904, and avers, in substance, that petitioner has been a police patrolman of the city for thirteen years at a salary of $1,100; that, May 6, 1903, the superintendent of police of said city charged petitioner with violation of "pretended" rule 69 of the rules and regulations of the department of police, "Neglect to pay, within a reasonable time, a just indebtedness," and, June 10, 1903, the police trial board found petitioner guilty as charged, and decided that he should be removed from the service of the city and from the police department, by said superintendent, and June 17, 1903, the civil service commission approved said findings, and found petitioner guilty, and that he should be removed as aforesaid, and, on the same day, he was notified by said superintendent that he had been permanently removed, and, since July 17, 1903, he has received no salary.  The proceedings of said trial board and of said civil service commissioners were without jurisdiction.

June 17, 1903, petitioner retained and consulted William McRath, an attorney of the Chicago Bar, and informed him of said proceedings, which he examined carefully, and advised petitioner that he had no remedy for his said discharge, and up to the date of filing this petition, petitioner believed said rule 69 was a rule of the civil service commission; but, at the date of filing this petition he learned for the first time that it is not, but was made by a superintendent of police, more than five years before the civil service act went into effect, and that said superintendent had no authority to make said rule.  The petition concludes with a prayer for the writ of *certiorari* to the civil service commissioners, and their secretary, com-

manding them to certify and bring up their record, etc., and that their finding, etc., be reversed and set aside.

The writ issued as prayed, and the commissioners made return showing proceedings as alleged in the petition. The court, on motion of the attorney for the respondents, quashed the writ, and rendered judgment for the respondents for their costs.

In City of Chicago v. Condell, 224 Ill. 595, the grounds stated in the petition for the issuance of the writ were substantially the same as in the present case. Counsel in this case argue that the civil service commission was without jurisdiction, for two reasons, viz; that the return to the writ fails to show that the petitioner had notice of the time and place for the hearing of the charges against him, as required by section 12 of the civil service act, and the charge, viz: "neglect to pay, within a reasonable time, a just indebtedness," is not such a charge as the civil service commission has jurisdiction of. Mr. Gash, counsel for petitioner in this case, urged the same objections in his argument in this court in City of Chicago v. Condell, 124 App. 64, to which he refers us, as he urges in this case. On the appeal of that case to the Supreme Court, the court held that a delay of the petitioner to file his petition, from December 2, 1902, when he was discharged from the police force, until May 22, 1904, was such laches as barred relief. City of Chicago v. Condell, 224 Ill. 595. In that case the court say: "It is true that mere lapse of time alone, short of the limitation for the prosecution of a writ of error, will not bar the issuing of a common law writ of *certiorari*; but where a detriment or inconvenience to the public will result, a party is required to act speedily in making his application, and any unreasonable delay will warrant the refusal of the writ. (Trustees of Schools v. School Directors, 88 Ill. 100; Hyslop v. Finch, 99 *id.* 171; 4 Ency. of Pl. & Pr., 133.) To restore appellee to his position would confer upon him the right to require the payment of his salary to

the date of his restoration. Where such consequences must result to the public, a delay, for the length of time that elapsed between appellee's discharge and the date of filing his petition, is unreasonable, and the writ should have been denied.''

In the present case, the delay was from June 17, 1903, when petitioner was discharged, till June 10, 1904, the date of filing his petition or a year less seven days. We think this an unreasonable delay, which warranted the Circuit Court in quashing the writ. In addition to the above quoted remarks of the Supreme Court, in City of Chicago v. Condell, in reference to the public detriment or inconvenience which would result from restoring the petitioner to his former place, after so long delay, it may be said, that, in all probability, the place left vacant by his removal has been filled by another, to whom the salary pertaining to the place has been paid.

The petitioner's excuse for his delay is the same as was urged in the Condell case, and the court, in that case, shows that it is wholly insufficient, and say, among other things: ''Appellant was in no way responsible for the delay, and certainly the penalties of such delay should not be visited upon it.''

The judgment will be affirmed.

*Affirmed.*