JAMES LOGUE *et al.* Appellants, *vs.* EVA B. BATTERTON
*et al.* Appellees.

*Opinion filed December 21, 1910.*

1. NOTICES—*effect of failure of clerk to put file-mark on notice.*
Failure of the clerk of the board of school trustees to place his
file-mark upon the notice of appeal provided for in section 55 of
the School law does not defeat the right of appeal if the notice
was, in fact, filed within the time required by law.

2. SCHOOLS—*boards of trustees not required to make a record
of their findings as to jurisdiction.* If the boards of trustees had,
in fact, jurisdiction to consider a petition, under section 46 of the
School law, to create a new district from territory belonging to
two or more districts, their action is not invalid although they did
not make a record of their findings as to whether the requirements
necessary to give them jurisdiction had been complied with.

3. SAME—*decision of boards of trustees as to jurisdiction is not
conclusive upon county superintendent.* Whether boards of trus-
tees have jurisdiction to consider a petition to create a new school
district depends upon whether the requirements of the statute have
been complied with and not upon what the boards decide as to that
question, and their decision that they have or do not have juris-
diction is not binding upon the county superintendent on appeal.

4. SAME—*county superintendent may investigate question of ju-
risdiction of boards of trustees.* Under the statute making it the
duty of the county superintendent, on appeal from the decision of
boards of trustees on a petition to create a new district, "to in-
vestigate the case," etc., the county superintendent is authorized to
investigate and determine whether the requirements of the statute
were complied with before the presentation of the petition to the
trustees, notwithstanding the statute makes the fact of the action
of the trustees on the petition *prima facie* evidence that such re-
quirements were complied with.

5. SAME—*when petition sufficiently shows that proposed district
has at least ten families residing in it.* A petition to the boards
of trustees of school districts which states that the proposed dis-
trict "will not have less than ten families residing in it," etc.,
should not be construed as referring to some indefinite future time,
but as meaning that the district as proposed to be created has not
less than ten families residing in it. (*Carrico* v. *People,* 123 Ill.
198, distinguished.)

DUNN, J., dissenting.

Appeal from the Circuit Court of Menard county; the Hon. Guy R. Williams, Judge, presiding.

Peter Murphy, and Masters & Masters, for appellants.

Thomas P. Reep, and Smoot & Laning, for appellees.

Mr. Justice Farmer delivered the opinion of the court:

Appellants, by leave obtained of one of the judges of the circuit court of Menard county in vacation, filed their petition in said circuit court for a writ of *certiorari* directed to appellees, Eva B. Batterton, county superintendent of schools of Menard county, Edgar C. Pruitt, county superintendent of schools of Sangamon county, and D. F. Nichols, county superintendent of schools of Logan county, commanding them to bring into court all papers and records of the boards of trustees of township 18, north, range 4, west, and township 18, north, range 5, west, together with the transcript of the proceedings before said boards of trustees upon a petition for the organization of a new school district; also the papers, records and transcript of the proceedings before the said three county superintendents of schools, acting as a board of appeals, upon an appeal from the boards of trustees, to the end that the said proceedings might be reviewed and quashed by the circuit court. The proceedings sought to be reviewed and quashed were proceedings had upon a petition presented to said boards of trustees for the organization of certain territory lying within school districts numbered 40, 180 and 181, in the counties of Menard, Sangamon and Logan, into a new district. The petition for a writ of *certiorari* was filed by certain parties who are freeholders and tax-payers in said school districts numbered 40, 180 and 181. The prayer of the petition for the organization of the new district presented to said boards of trustees was denied and an appeal was taken

from their action to Eva B. Batterton, county superintendent of schools of Menard county. As the organization of the proposed new district affected territory in school districts lying in Menard, Sangamon and Logan counties, she called in to aid in passing upon the appeal the county superintendents of Sangamon and Logan counties. The board of appeals reversed the action of the boards of trustees, granted the prayer of the petition, declared the new district organized, and notified the clerks of the respective boards of trustees of their action, as by law required. Upon the return to the writ of *certiorari* being filed by appellees, appellants moved to quash it, which motion was overruled, the return held sufficient and a motion by appellees to quash the writ was sustained, the writ quashed and the petition dismissed. From the judgment so entered the petitioners for the writ have prosecuted this appeal.

While the argument of the appellants embraces a wide range, the only question involved is, was the return to the writ of *certiorari* sufficient to justify the judgment of the court in quashing the writ and dismissing the petition? This question is preserved for review without a bill of exceptions, and some points discussed, which appellees contend were not preserved by bill of exceptions, need not be referred to.

Appellants say in their brief: "The only question for the court to determine is whether appellees, acting as a board of appeals under the statute, had such papers before them on the appeal as conferred jurisdiction." The papers, records and transcripts of the boards of trustees and of the board of appeals are set out in the return and numbered as exhibits. The petition to the boards of trustees sets out and describes the territory sought to be detached from other districts and organized into a new district. It was filed with the boards of trustees in proper time to be acted upon at their April meetings, 1910, and proof of service of notice of the intention to file said petition was made as required

by law. We think the record shows the petition was signed by the requisite number of persons authorized to sign a petition for the organization of a new district and that it was in substantial compliance with the requirements of the law. The return shows that the trustees of township 18, north, range 4, west, considered the petition at their regular annual meeting, April 4, 1910, and denied the petition on the ground that it did not have the signatures of the necessary two-thirds of the voters of the territory. The trustees of township 18, north, range 5, west, took up the petition at their regular meeting, April 4, 1910, but adjourned to meet April 9 to further consider it. At the adjourned meeting the prayer of the petition was denied "on the ground of irregularity of lines." On April 12 Eugene Baugher and six others filed notice of appeal to the county superintendent of schools of Menard county.

It is contended that the appeal was not properly taken and the county superintendents had no jurisdiction to entertain it because it does not appear, except from an amendment made after the appeal was disposed of, that the notice of the appeal was filed with the trustees of township 18, north, range 5, west, within ten days after the decision of the trustees, as the law requires. We do not think there is any merit in this contention. The return sets out the notice of appeal, which bears a file-mark of April 12, 1910, and the return recites that it was filed with the board of trustees on that date but that the file-mark on said notice was placed thereon after it was filed with the board of appeals. The records and papers of the trustees of both townships were transmitted by the proper officer to the superintendent of schools of Menard county on the 14th day of April, 1910, and it thus clearly appears that the appeal was taken within the time required by law. If the notice was filed (and it appears that it was) within the time required by law, the failure of the clerk to place the file-mark thereon could not defeat the right of appeal.

The original transcript of the proceedings of the board of trustees of township 18, north, range 5, west, stated the board had considered the petition and denied it on account of irregularity of lines, but it contained no finding or recitals of the facts required by law to give the board jurisdiction. The return sets out an amended transcript of the proceedings of said board made after the appeal was disposed of. Said amended transcript finds all steps had been taken and all facts existed necessary to give the board jurisdiction of the petition. The original record of the action of appellees as a board of appeals sets out the hearing of the appeal by said board May 2, 1910, and the action of the board reversing the action of the trustees and the granting of the prayer of the petition creating a new district as prayed. An amended transcript of the record, which was prepared after the issuance of the writ in this case, finds and recites all the jurisdictional facts required to give the trustees jurisdiction, also all facts necessary to give the board of appeals jurisdiction; that said board of appeals had made full investigation, and, finding that it was to the best interest of all parties to create the new district, it was ordered that said district be created and that the action of the trustees be reversed. Both the original and amended records of the board of appeals were signed by all three of the superintendents, but the action of the said board was arrived at by the affirmative vote of the county superintendents of Menard and Sangamon counties, the county superintendent of Logan county having voted in the negative. It is insisted that these amended transcripts set out in the return are not entitled to be considered in determining the sufficiency of the return to the writ.

By the fourth clause of section 46 of the School law (Hurd's Stat. 1909, chap. 122,) the trustees, at their regular meeting in April, are given authority "to create a new district from territory belonging to two or more districts, when petitioned by a majority of the legal voters of each

district; or, when petitioned by two-thirds of the legal voters residing within the territory described in the petition, containing not fewer than ten families, asking that such territory be created into a new district." Section 52 provides that no petition shall be acted upon by the trustees unless it has been filed with the clerk at least twenty days before the regular meeting in April, nor unless a copy of it, with a notice in writing signed by one or more of the petitioners, shall be delivered by the petitioners, or one of them, to the president or clerk of the directors of each district whose boundaries will be changed if the petition is granted, ten days before the day the petition is to be considered. Section 53 makes it the duty of the trustees to ascertain whether these provisions have been complied with, and if they have not, then the board may adjourn for not longer than four weeks, in order that compliance may be had with said provisions. Section 54 provides that if it appears on the day of the regular meeting, or at an adjourned meeting, that such provisions have been complied with, the trustees shall consider the petition, hear any of the legal voters of the district or districts affected by the proposed change who may appear and oppose the petition, and the trustees shall grant or refuse the prayer of the petition without unreasonable delay; that "after the trustees of schools have considered the petition, no objection shall be raised as to its form, and their action shall be *prima facie* evidence that all requirements have been complied with." Section 55 provides for the right of appeal to the county superintendent of schools by filing with the clerk of the trustees a written notice of appeal within ten days after final action by the trustees. Section 56 makes it the duty of the clerk to transmit, within five days after the notice of appeal has been filed, all papers in the case, with a transcript of the record of the trustees showing their action thereon, to the county superintendent of schools. Section 57 provides that where the district affected by the proposed change is divided by

county line or lines the appeal may be taken to the county superintendent of schools of any one of the counties in which the district is partly located; that said county superintendent shall then forthwith give notice to the other county superintendent or superintendents of the pendency of the appeal and of the time and place when and where it will be heard, and all of said county superintendents shall meet and together hear and determine the appeal. When the appeal is determined the county superintendents are required to at once notify, in writing, the clerk by whom the papers in the case were transmitted, of the action taken on the appeal.

It might be the better practice for boards of trustees to make a record of their findings as to whether the requirements of the statute necessary to give them jurisdiction had been complied with, but we do not think this is necessary to the validity of their action if they did, in fact, have jurisdiction. Neither do we think the decision of the board of trustees that it did or did not have jurisdiction is conclusive upon the county superintendent in case of an appeal. Whether the board has jurisdiction depends upon whether the requirements of the statute have been complied with, and not upon what the board decides upon that question. Where there is a failure to comply with any of the essential requirements of the statute in order to give the board jurisdiction, the action of the board in taking jurisdiction and deciding upon the petition would be subject to reversal upon appeal if it was found by the county superintendent, upon investigation, that the board did not have jurisdiction. Here one of the boards must have found that it had jurisdiction, for it considered and passed upon the petition and denied its prayer, but not for lack of jurisdiction. The other board decided that one of the requirements of the statute necessary to give it jurisdiction had not been complied with, but this, we think, was so decided under a misapprehension. By the provisions of the statute, if the peti-

tion is entertained and acted upon, the action of the trustees is *prima facie* evidence that all the requirements have been complied with necessary to give the board authority to act; but the action of the board is only *prima facie* evidence that the requirements of the statute have been complied with, and we think the intention of the legislature in enacting the law was that the action of the board of trustees in passing upon the petition, whether denying or granting it, and upon whatever grounds their action may have been based, is subject to review upon appeal to the county superintendent. The statute makes it the duty of the county superintendent, on appeal, to "investigate the case, make such change or changes, or refuse to make them, reversing, if need be, the action of the trustees." The authority "to investigate the case" we construe to mean that the county superintendent has power to do more than merely look at the papers sent up, but he is authorized, in his investigation of the case for the purpose of determining whether the action of the trustees is proper, right and legal, to do anything that is necessary to enable him to determine whether the jurisdictional requirements of the statute had been complied with before presentation of the petition to the trustees and to enable him to reach a proper and correct decision. The statute makes his decision final. Of course, if the trustees had no jurisdiction to entertain the petition then the county superintendent would have no jurisdiction, but in our opinion it is sufficiently shown here that the trustees did have jurisdiction, that the appeal from their decision was taken in conformity with the requirements of the statute, and that the county superintendents had jurisdiction to entertain and act upon said appeal.

The fourth clause of section 46 above quoted requires the petition to the trustees to be signed by a majority of the legal voters of each district or by two-thirds of the legal voters residing within the territory described within the petition, containing not fewer than ten families. The

petition filed with the boards of trustees stated that the proposed district "will not have less than ten families resident in it and that no district from which the territory will be taken will be left with less than ten families." It is argued that the statement in the petition is not that the territory proposed to be organized into a new district has ten families residing in it, but that it will at some future time have ten families residing in it. We are not inclined to resort to the most technical construction in construing the language of petitions of this character. Certainly, the territory proposed to be organized into a new district must have at the time of the organization not fewer than ten families residing in it. The trustees would have no jurisdiction to entertain a petition to organize a district containing less than ten families. The criticism made of the petition is, that instead of stating the territory *has* not less than ten families resident in it, it states the said district *will* not have less than ten families resident in it. The reasonable meaning of the petitioners in the language used, we think, was that there were then resident in the proposed territory ten families, and that when organized into a district it would contain not fewer than ten families. It is not contended that the trustees denied the prayer of the petition because, as a matter of fact, the territory did not contain ten families.

*Carrico* v. *People,* 123 Ill. 198, relied on by appellants, is not in conflict with the views we have expressed. That case was a *quo warranto* proceeding to oust certain parties claiming to be school directors of a district that had been previously organized out of territory taken from other districts. The plea, among other things, set up the petition filed with the trustees for the organization of the district. It purported to be a petition by two-thirds of the legal voters in the territory proposed to be organized into a new district but contained no statement or reference whatever of the number of residents of the territory, and it was held

that the petition was fatally defective and did not give the trustees jurisdiction.

A considerable portion of the arguments of counsel is devoted to a discussion of the right to amend the transcript of the record of the trustees and of appellees as a board of appeals, but in the view we entertain, a determination of that question is not necessary to a decision of this case.

In our opinion the circuit court was justified in quashing the writ and dismissing the petition, and the judgment is affirmed.                                     *Judgment affirmed.*

Mr. JUSTICE DUNN, dissenting.