## William R. Ferguson et al., Appellees, v. Trustees of Schools et al., Appellants.

### Gen. No. 5543.

1. CERTIORARI—*what not subject to review under writ of.* In an action to review a proceeding by which territory is detached from one district and attached to another, if jurisdiction existed to take such step whether it was reasonable or desirable or wise, are matters not subject to review.

2. CERTIORARI—*what proper upon motion to quash.* Upon a motion to quash a writ of *certiorari* proofs are properly heard to determine whether the Circuit Court should entertain the proceedings, or whether the writ should be barred by laches, or whether the proceedings should be treated as ratified by the silence and acquiescence of the petitioners.

3. SCHOOLS—*section 53 of article 3 of Act of 1889 construed.* In detaching territory from one school district and attaching it to another the record made need not recite the jurisdictional facts.

4. SCHOOLS—*when laches bars irregularity in detaching territory.* A lapse of two years during which time the school taxes have been levied and school debts incurred constitutes such laches as will bar an objection predicated upon the fact that one of the signers of the petition to detach was one of the trustees who voted for the detachment, etc.

5. SCHOOLS—*when amendment of records by trustees proper.* After *certiorari* filed and summons served but before answer made, school trustees may properly amend minutes of a meeting challenged by *certiorari* so as to cause the same to speak the truth.

6. PRESUMPTIONS—*as to identity of persons.* There is no conclusive presumption of law that a signer of a petition and a trustee voting thereon are the same person merely because they bear the same name.

THOMPSON, J., dissenting.

*Certiorari.* Appeal from the Circuit Court of Grundy county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed April 25, 1912.

HOWARD E. LEACH and CHARLES D. DIBELL, for appellant.

LESTER H. STRAWN and CHARLES F. HANSON, for appellees.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

William R. Ferguson and others, residents and taxpayers in territory which prior to April 5, 1909, was within school district No. 68, in Grundy county, Illinois, filed a petition in the Circuit Court of Grundy county, on February 18, 1911, for common law writs of *certiorari* to bring before the court transcripts of all records, papers, documents and files relating to the proceedings whereby certain territory had been detached from said school district 68 and added to school district No. 83 in Kankakee county, adjoining said district 68 on the east, in order that the court might inspect said records and proceedings, and, if they were found to be illegal, might order the same set aside. It appears from the records that said districts 68 in Grundy county and 83 in Kankakee county are divided by the county line; that prior to the regular meetings, in April, of the trustees of schools in the town in Grundy county wherein said district No. 68 was, and in the town in Kankakee county wherein said district No. 83 was, petitions had been duly filed with the clerks of the boards of trustees of schools in each of said towns, to detach certain territory from said district 68 in Grundy county and to attach the same to said district 83 in Kankakee county; and that at the regular meetings in April, 1909, action had been taken upon said petitions; and that appeals therefrom in each case had been taken to the superintendent of schools of Kankakee county, and that he had invited the superintendent of schools of Grundy county to meet with him at Kankakee, as the statute provides, and that they did meet and were unable to agree; that the county judge of Kankakee county was then called in, as the statute provides, and these three officers constituted a board of appeal which heard both of said appeals and entered an order dismissing the appeals and confirming the action of the board of trustees of said

two towns in transferring said territory, the new district thus formed being afterwards known as Union School District No. 96. This petition in the Circuit Court attacked the validity of these proceedings, and the board of trustees of the town in Grundy county, and the board of trustees of the town in Kankakee county, and the superintendent of schools of Grundy county, and the superintendent of schools of Kankakee county, and the county judge of Kankakee county and the county clerk of each of said counties, were made respondents. The Circuit Court ordered the writs of *certiorari* to issue and they were issued and served, and the trustees of schools of the town in Kankakee county and the superintendent of schools of Kankakee county and the county judge of Kankakee county and the county clerk of Kankakee county entered their motion to quash the writs of *certiorari*. This motion was based on the alleged laches of the petitioners, and the acquiescence of the petitioners in the order sought to be reviewed for a long space of time and the levy of taxes for school purposes in said union school district No. 96; and the collection and expenditure of said taxes; the holding of school elections and the election of school officers in said district No. 96; and the incurring of debts therein for school purposes which are still unpaid; and also that all the proceedings before said board of appeals were in Kankakee county, and that they were not subject to review in the Circuit Court of Grundy county; and that the petitioners had a remedy by appeal to the county superintendent which they did not exercise. The motion to quash the writs was heard upon proofs presented and was denied, and the proofs were preserved by a bill of exceptions. Thereafter returns were made to the writ by all the defendants thereto, and upon a hearing the proceedings were quashed, and said territory so attempted to be detached from school district No. 68 was declared not to be a part of school district 83, but to be a part

of school district No. 68. This is an appeal by the defendants from said judgment of the Circuit Court.

The petition for a *certiorari* contained allegations and sought to raise issues which cannot be tried on *certiorari*. It was charged that the west boundary line of the new district in Grundy county was irregular and unsuitable and that this change of territory was made for the private pecuniary advantage of certain owners of lands, and that it was an attempt to gerrymander the district and that there was a conspiracy in which certain persons took part. The record does not disclose any adequate foundation for these charges. The obvious purpose of the unusual shape was to leave both school houses in district No. 68 so that the residents of No. 68 as changed should not be able to complain that they had been deprived of a school building. The petition to change the boundaries was signed by actual residents and not by non-resident owners. But these charges could not be investigated under a writ of *certiorari*. If the jurisdiction of the board of trustees of each of said two towns was legally invoked and if they proceeded according to law, their action and whether it was reasonable or desirable or wise were matters not subject to review under a writ of *certiorari*. Upon the motion to quash the writs of *certiorari*, proofs were properly heard to determine whether the Circuit Court should entertain the proceedings, or whether the writ should be barred by laches, or whether the proceedings should be treated as ratified by the silence and acquiescence of the petitioners, as in Trustees v. School Directors, 88 Ill. 100, or whether any adequate excuse for delay had been stated in the petition or shown by the proofs, as in Clark v. City of Chicago, 233 Ill. 113, where a delay of eighteen months, not satisfactorily explained was held to justify quashing the writ. City of Chicago v. Condell, 224 Ill. 595. But when that motion had been denied, the case was to be tried solely upon the re-

turns; and if the proceedings were legal and regular and in conformity to the statute then it was not in the power of the court to quash them because of any lack of wisdom in the action taken by the lawful authorities, nor could the motive of any of the parties be inquired into. Scheiwe v. Holz, 168 Ill. 432; Joyce v. City of Chicago, 216 Ill. 466; Deslauries v. Soucie, 122 Ill. App. 81, and 222 Ill. 522.

Passing by the questions raised upon the motion to quash the writs of *certiorari,* we come to consider the state of the record. The return of the trustees of the town of Grundy county set forth the petition to detach the territory, the notice to the directors of district No. 68 of the pendency of said petition, the affidavit of service of said notice and of a copy of the petition upon the directors, and the minutes of the meeting held at the time appointed by law resulting in the adoption of a motion to grant the prayer of the petition. The minutes of the said school trustees recited that the petition was read by their clerk and the proof of service of the same upon the directors was read, and that these trustees examined said papers and found that in said petition and in the making of such service all the provisions of the law had been complied with. It is contended that this record is defective because the trustees did not recite in their record, or their clerk making that record did not recite, the various facts which constituted a compliance with the law. These proceedings took place while the act of 1889 concerning schools was in force. Section 53 of Article 3 thereof provided: ''After the trustees shall consider the petition, no objection shall be thereafter raised to its form, and their action shall be *prima facie* evidence that all the formal requirements have been complied with.'' The same language is used in section 54 of the present school law of 1909, except that the word ''formal'' is not contained in the present act. In Logue v. Batterton, 247 Ill. 605, it was held under this

later section, that while it might be the better practice for boards of trustees to make a record of their jurisdictional findings, still this is not necessary to the validity of their action if they did, in fact, have jurisdiction; and that upon appeal to the county superintendent the decision of the board of trustees that it did or did not have jurisdiction is not conclusive upon the county superintendent; that the question whether the board had jurisdiction depends upon whether the requirements of the statute have, in fact, been complied with and not upon what the board decided upon that question; and that the county superintendent upon appeal had authority to do anything that was necessary to enable him to determine whether the jurisdictional requirements of the statute had been complied with before presentation of the petition to the trustees, and that his decision is final. Here the papers filed by the board of trustees of the town in Grundy county as a part of their return, in connection with their proceedings, show in fact that they had jurisdiction, and there is nothing in the record to show that they did not have jurisdiction, so that their jurisdiction is supported both by the presumption created by the statute above quoted and also by the papers transmitted as part of their return; and moreover the order of the board of appeal found in detail all the facts which established that the board of trustees of the town in Grundy county did have jurisdiction. One of the signers of the petition addressed to that board bore the same name as one of the trustees of that town, and such trustee voted to grant the prayer of the petition, and without his vote the petition would not have been granted. It is contended by appellees that his vote could not be counted because that would make him decide his own cause, and therefore the petition was not granted by the board of trustees of the town in Grundy county, under the authority of People v. Commissioners of Highways, 240 Ill. 399. In People v. Crowley, 250 Ill.

282, where the proceedings assailed were begun in December, 1904, and resulted in action in January, February and March, 1905, and the attack upon their validity was begun in August, 1905, and where a similar point was raised against the validity of the proceedings, it was held that it was too late to raise it. Here almost two years had passed, school taxes had been levied and school debts had been incurred by the new district, and it would seem that under the doctrine of laches the appellees ought not to be permitted to have that record quashed on that ground now; further, this being a *certiorari* proceeding is to be tried by the record alone. There is no conclusive presumption of law that the signer and the trustee are the same person, merely because they bear the same name. Instances are not infrequent where father and son, grandfather and grandson, uncle and nephew, bear the same names and live in the same locality. Whether this petitioner and this trustee are the same person or different persons is a question of fact. If this were *quo warranto,* as in People v. Crowley, supra, or was any other proceeding where issues of fact are formed and tried, the fact that the trustee was or was not the person who signed the petition could be averred and proved, but in *certiorari* the fact cannot be entered into, and the record ought not be defeated on that ground. It cannot be the law that if the petitioner and the judge who tries his cause bear the same name the judgment is void on its face unless the record specially recites that they were different persons. But if we are wrong in this view and if the vote of said trustee is rejected, then, as only one competent vote was cast for the petition and one against it, this amounted to a denial of the petition. There was an appeal from the order of said trustees to the county superintendent of Kankakee county taken by Fred E. Crane. It is contended that Crane was not entitled to appeal because the name, Fred E. Crane, had been signed to

the petition for detaching the territory. If the petition was denied, then Crane certainly had a right to appeal. But it was not necessary that there should be an appeal from the order of each board, and there was an appeal from the proceedings of the board of trustees of the town in Kankakee county to which no objection is made, and an appeal from the action of the board of trustees in either town carried the entire record of both towns to the county superintendent of Kankakee county for review. If, therefore, the person who signed the petition and the trustee who voted to grant its prayer in the town in Grundy county were the same person, and if the result was that the prayer of the petition was, in fact, not granted, and if that defect can be considered at this late day, nevertheless, by the appeal the record was carried to the county superintendent of Kankakee county effectively for review; and the board of review in its final order expressly directed "that the said territory, namely" (describing the detached territory in detail) "be and the same hereby is detached from said district No. 68 in Grundy county, Illinois, and added to said district No. 83 in Kankakee county, Illinois, and made a part thereof." The statute makes this decision final.

The return of the trustees of the town in Kankakee county shows that in their proceedings as originally written at the regular semi-annual meeting in April, they found the petition signed by the required number of voters and accepted the petition and placed it on file, and that a remonstrance was presented by one Andrew Wilson of District No. 83 which was also accepted and filed; and that an appeal was taken from the decision of the trustees; but the record as originally written did not show what that decision was; and that after the petition for a writ of *certiorari* in this case was filed, and service was had upon said trustees, and before they had made their return, they held a special meeting at which all the trustees were present,

and passed a resolution wherein they recited that at the regular meeting in question they found the various jurisdictional facts and unanimously granted the prayer of the petition; and they directed the clerk to correct and amend and supplement said former record to conform to the facts thereinbefore recited, by reciting certain things, including the granting of the petition and the appeal by Andrew Wilson, which resolution was adopted by a unanimous vote. They also made a part of their return the said minutes of the said meeting of April 1909 as amended, containing all these facts in full. It is contended that they had not power to make this amendment at that time. The same question arose in a *certiorari* case in Board of Education v. Trustees of Schools, 174 Ill. 510. That was a proceeding to determine the validity of the action of certain trustees of schools in detaching territory from one district and adding it to another, and the record as it existed at the time that the petition for *certiorari* was filed showed such a petition presented to the board of trustees, and there was a motion that it be granted, but it did not show that that motion had been voted upon or carried; and at a subsequent meeting this defective record had been read and approved. At a later meeting it was voted to amend the record so as to make it show that the motion was put and carried, and this was done; but the record was still defective, and more than a year later and after there had been a change in the personnel of two of the three members of the board of trustees, and after the writ of *certiorari* had been issued and presumably served, the clerk was ordered to make a further amendment to show jurisdiction and regularity in the granting of the prayer of the petition. The court held that the board of trustees had power to make these amendments. The court said: "It has not been the rule in this court to exact of public officers of the quasi municipalities the highest degree of accuracy and formality in the discharge of

their duties, for the reason that to do so would result in injury to the public. If it be said that there was an unreasonable lapse of time between the proceedings and the recording thereof, it may also be said that there was unnecessary delay in the attempt on the part of the petitioners to set aside the re-districting.'' By examining the opinion in that case in the Appellate Court, in Board of Education v. Trustees of Schools, 74 Ill. App. 401, it will be found that the proceedings assailed were taken on April 6, 1896; that the petition for *certiorari* was filed March 24, 1897, and that the last amendment was made on April 27, 1897, while the petition for *certiorari* was pending. This case, therefore, sustains the action of the board of trustees in making this amendment. So far as that case holds the recital of the jurisdictional facts in detail in the record of the board of trustees to be essential, we regard that view as otherwise disposed of by the case of Logue v. Battelton, *supra*. Moreover, the board of appeal in the case before us set out in detail the petition addressed to the said trustees of the town of Kankakee county and proof of due service and notice thereof, the protest of Andrew Wilson and the original record and the notice of appeal of Andrew Wilson, all of which had been set up upon the appeal, and these papers show that the said board of trustees had papers and files by which to make the amendment. The original record showed that they made some decision, and the notice of appeal which the board of trustees accepted showed that the decision granted the prayer of the petition to detach the territory. Moreover, said board of appeal found in detail that said board of trustees did grant the petition for this change of territory. We are therefore of opinion that it clearly appears that the trustees of the town in Kankakee county did grant the petition after having acquired jurisdiction so to do, and that an appeal was duly taken to the county superintendent of Kankakee county.

The return of the superintendent of Kankakee county shows further that he and the county superintendent of Grundy county were unable to agree and that they then called in the county judge of Kankakee county as provided by law, that they consolidated the two appeals and heard them, and declared said territory detached from district No. 68 in Grundy county and added to district No. 83 in Kankakee county, as hereinbefore stated, and that they thereafter transmitted notices to the clerks of each of the two boards of trustees, including their order detaching said premises from the one district and adding it to the other. After this new district had been thus finally formed by the action of the board of appeal, some of the provisions of the statute for the filing of a map by the trustees with the county clerks were not fully complied with. It was held in School Directors v. School Directors, 135 Ill. 464, that failure of township trustees to file with the county clerk a map showing the lands embraced in a new district will not destroy its corporate existence; and this is in harmony with the principle laid down in People v. Niebrugge, 244 Ill. 82.

A careful search of this entire record shows that not only is jurisdiction presumed from the action of the several boards of trustees, but also that a proper and sufficient petition, sufficiently signed, was presented and acted upon by the board of trustees of each town; and that an appeal was taken from the action of each board, one of which appeals is not subject to any criticism; that these appeals went to a board of appeal which was duly constituted pursuant to law; and that the board reviewed the entire subject and ordered the change of territory, which decision the statute makes final. We are of opinion that this action ought not to be set aside under a writ of *certiorari* because of slight inaccuracies of the officers in making the entries in their records. We think it clear that every requirement of the statute was, in fact, observed.

The judgment is therefore reversed and the cause is remanded, with directions to the court below to quash the writs and dismiss the petition at the costs of the petitioners.

*Reversed and remanded.*

MR. JUSTICE MORTON W. THOMPSON, dissenting.

School District No. 68 lies in Township 31, Range 8 in Grundy county, and District No. 83 adjoins it in Township 31, Range 9 in Kankakee county, Illinois. At the regular April meeting 1909 of the trustees, a petition to detach a part of District 68 and attach it to District 83, was filed with the trustees of each of said townships, as required by the Statute, and the prayer of said petitions was granted. An appeal was prayed and granted from the decision of the trustees in each township to the county superintendent of schools who failing to agree, called in the county judge of Kankakee county, and upon the hearing the action of said trustees was confirmed on April 26, 1909, and said District No. 83, with said added territory was designated as District No. 96, February 18, 1911. Appellees filed in the Circuit Court of Grundy county their petition for a writ of *certiorari* to review said proceedings.

Defendants moved to quash the writ and dismiss the petition. Evidence was heard and said motion was denied, and defendants excepted, and upon being ruled to, made their several returns to said writ. Upon the hearing said proceedings were ordered quashed and held for naught, and defendants excepted and appeal to this court.

The return of the trustees of Township 31, Range 9, in Kankakee county, in so far as it concerns the issues in this case, is as follows (being copy of record):

"April 5, 1909, a petition signed by the required number of voters, asking that a certain territory of Grundy county, Illinois, described in petition, be attached to District Number 83, in Township Thirty One Kankakee County, Illinois, was placed on file with the

treasurer on March 13th, 1909, for the trustees' consideration. (Copy on opposite page) A remonstrance was presented by Andrew Wilson of District Number 83 against said petition. Motion moved and seconded that the remonstrance be accepted and placed on file. Carried. Motion moved and seconded that the petition be accepted and placed on file. Carried. An appeal was made against the decision of the trustees on the above petition. Motion moved and seconded that the appeal be accepted and placed on file. Carried."

This record is signed, "Trustees, A. R. White, Michael Joyce, Frank Meadon."

The return also shows that at a special meeting held March 9, 1911 (after this suit was brought), there were present Michael Joyce, President, A. R. White and S. G. McLane, trustees, and that trustee White offered a three page resolution which on his motion seconded by trustee McLane, was adopted directing the clerk "to correct and amend and supplement said record to conform to the facts hereinbefore recited by inserting in the record of said meeting," etc., the object of which was to correct the minutes of said regular meeting so as to show all jurisdictional facts, and that the prayer of said petition was granted by a unanimous vote of the trustees, etc. And thereupon the clerk amended said minutes as in and by said resolution he was directed, and said amended minutes set out in said return.

We do not understand that the records can be changed in that way. "The authority of the board to make such an order, if it exists, does not depend upon the personal recollection of the individual members of the board, but upon the knowledge of the clerk, or such files, minutes or memoranda which put him in possession of knowledge of what actually transpired." Board of Education v. Trustees, 174 Ill. 510.

The return of the trustees of Township 31, Range 8 in Grundy county in so far as it concerns the issues in this case, is as follows (being copy of minutes of their April meeting) : After reciting that at the conclusion

of the regular business there came on for considera-
tion the petition in question, it proceeds:

"And thereupon said petition was read by the clerk
together with the proof of service of the same on the
directors of said School District Number 68, and ex-
amined by the trustees, and it appearing that in said
petition and in making proof of service aforesaid all
provisions of the law had been complied with, it was
moved by trustee W. D. Howland, that said petition
be granted and the motion was duly seconded by trus-
tee H. A. Eversole. Thereupon after due considera-
tion, on the order of the president, the roll was called
by the clerk on the said motion, the trustees voting as
follows: David Abram, No. W. D. Howland, Yes. H.
A. Eversole, Yes. Thereupon it was declared by the
president that said motion had been carried and that
the said petition had been duly granted."

This record does not attempt to state the facts, but
states the conclusion of the trustees, which is not suffi-
cient. Highway Commissioners v. Smith, 217 Ill. 250;
Troxell v. Dick, 216 Ill. 98. "The office of the common
law writ of *certiorari* is to bring up the record of a
proceeding from an inferior to a superior tribunal.
When the return is made, the superior tribunal tries
the case upon the record alone, and not upon the allega-
tions contained in the petition for the writ or on facts
not contained in the record so returned." Troxell v.
Dick, 216 Ill. 98.

"  *  *  *  it has invariably been decided in *cer-
tiorari* that the record of the trustees must show the
various jurisdictional facts  *  *  *  " Southworth
v. Board of Education, 238 Ill. 190, 198.

Appellants insist that because of the delay in ap-
plying for the *certiorari* in this case, plaintiffs are
barred from the relief sought. The doctrine of laches
has been applied in many cases of *certiorari,* where
by reason of lapse of time, acquiescence of the parties
complaining, incurring debts, levying taxes, etc., it
would have been an abuse of the sound legal discretion
of the court and a great public detriment to have

quashed the proceedings. ''The writ of *certiorari* is not granted as a writ of right, and may be granted or denied in the discretion of the court, according to the showing made in each particular case.'' Deslauries v. Soucie, 222 Ill. 522. ''It is true that mere lapse of time, alone, short of the limitation for the prosecution of a writ of error, will not bar the issuing of the common law writ of *certiorari;* but where a detriment or inconvenience to the public will result, a party is required to act speedily in making his application and any unreasonable delay will warrant the refusal of the writ.'' City of Chicago v. Condell, 224 Ill. 595.

The record in this case shows that no debts or obligations of any kind, except those necessary for conducting the schools, have been incurred by said District No. 96. That the taxes have been levied and collected for that purpose alone. That great harm and inconvenience will and has resulted to the portion of District No. 68 remaining after the portion so detached, in that the amount of taxable property therein, at the rate . allowed by law to be levied for educational purposes, will produce only about one-half of the funds necessary to conduct the schools therein. Schlosser v. Com. of Highways, 235 Ill. 214, 216.

I do not think the case of Logue v. Batterton, 247 Ill. 605, sustains the construction placed upon it by the majority opinion in this case. The return of the county judge and two superintendents of the order entered by them recites their finding of certain ultimate facts, but the return does not show the finding of any evidentiary facts, from which the trial court could see that said trustees of schools, had in fact jurisdiction to make the orders they did upon said petitions, and as was said in the Logue case above at page 612: ''Of course, if the trustees had no jurisdiction to entertain the petition then the county superintendent should have no jurisdiction * * * * ''

I think the judgment of the trial court was right and should be affirmed.