# STATE ex rel. CHARLES SHOLUND v. MAYOR AND COMMON COUNCIL OF CITY OF DULUTH.[1]

May 15, 1914.

Nos. 18,677—(17).

**Revocation of liquor license — certiorari.**

    1. *Certiorari* is a proper method of obtaining a review of the action of a city council in revoking a liquor license.

[1] Reported in 147 N. W. 820.

Note.—On the question who is entitled to invoke *certiorari* to review a decree or order affecting sale of intoxicating liquors, see note in 19 L.R.A.(N.S.) 610.

**Same — return.**

2. In *certiorari* it is proper to return the record, proceedings in the nature of a record, the rulings of the tribunal and the evidence received.

**Certified return conclusive.**

3. The *certiorari* proceeding is in the nature of an appeal. The record considered is that made and certified by the tribunal whose proceedings are under review. The return, in so far as it is responsive to the writ, is conclusive, and the court of review will not inquire into charges of its falsity or require the respondents to state contrary to what they have certified.

**Revocation of liquor license — hearing — waiver of notice.**

4. In proceedings to revoke a liquor license under G. S. 1913, § 3152, the person proceeded against is entitled to notice and an opportunity to be heard and to be advised of the nature of the charges against him, but he waives all question as to the sufficiency of the notice and to the sufficiency of the form of the charges made against him, if without objection he appears and contests on the merits.

Upon the relation of Charles Sholund, this court granted its writ of *certiorari* directed to the mayor and common council of the city of Duluth to review the proceedings of the mayor and council in relation to the revocation of relator's license to sell liquor. Motion of relator to amend return denied and writ quashed.

*McCoy & Hansen,* for relator.

*Harvey Clapp,* City Attorney, *William P. Harrison,* Assistant City Attorney, and *W. H. Gurnee,* Special Assistant Counsel, for respondents.

HALLAM, J.

1. This is a proceeding in *certiorari* to review the action of the city council of the city of Duluth in revoking relator's license to sell liquor. The action of the council was quasi-judicial in its character, relator had no right of appeal, and *certiorari* is a proper method of obtaining a review. State v. Dunn, 86 Minn. 301, 90 N. W. 772.

2. A return was made and properly certified by the city clerk. It purports to contain all proceedings before the council and a synopsis of the evidence received. Before presenting the case on the merits, the attorney for the relator moved this court orally for

an order requiring an additional return. On his oral argument and also in his printed brief he asserts that the return is incomplete and untrue.

The determination of this question requires some consideration of the nature of the return to a writ of *certiorari*. The office of the old common-law writ of *certiorari* was the same as that of the common-law writ of error addressed to an inferior court. Only the record was brought up for review. No evidence was returned. The business of the court of review was to inspect the record and see whether the inferior tribunal had jurisdiction, and had not exceeded it, and some courts held that it might also consider whether the tribunal had in other respects proceeded with regularity and according to law. Ex parte Mayor, etc., of Albany, 23 Wend. (N. Y.) 277; State v. Common Council of City of Duluth, 53 Minn. 238, 55 N. W. 118, 39 Am. St. 595. In later practice the scope of the proceeding by *certiorari* has been extended, and with it the scope of the return. As to the extent of the departure from the old practice the courts are not fully agreed, but the doctrine well established in this court is that the record, the proceedings in the nature of a record, the rulings of the inferior tribunal, and the evidence, may properly be certified up for review. The evidence is brought up, if at all, not for the purpose of determining the weight or preponderance of it, but merely to ascertain whether it furnished any legal and substantial basis for the decision. Minnesota Central Ry. Co. v. McNamara, 13 Minn. 468 (508); State v. Common Council of City of Duluth, 53 Minn. 238, 55 N. W. 118, 39 Am. St. 595.

3. The *certiorari* proceeding is in the nature of an appeal (Goar v. Jacobson, 26 Minn. 71, 1 N. W. 799; State v. Linton, 42 Minn. 32, 43 N. W. 571), and the record upon which this court hears and determines the case is the record made and certified by the tribunal whose proceedings are under review, just as the record on which it determines an appeal is the record made and certified by the trial court. The record is presented to this court by the return made by the lower tribunal in response to the writ of *certiorari*. It is in the power of the court to require a further return, if it is apparent that

the commands of the writ have not been fully complied with. But the return, in so far as it is responsive to the writ, is conclusive and imports absolute verity; People v. Eno, 176 N. Y. 513, 68 N. E. 868; Ferguson v. Trustees of School, 168 Ill. App. 225, 231; State v. Common Council, 104 Wis. 622, 80 N. W. 942; and where the return is on its face complete and purports to contain all the proceedings had, evidence is not admissible to control or impeach it. The relator cannot by traverse of the return obtain an adjudication that it is false in fact, and require the respondents to state the contrary of what they have certified. State v. Common Council, 104 Wis. 622, 80 N. W. 942. No other rule is practicable. This court has no means of knowing what the return should contain without conducting a trial of an issue of fact. This it cannot do in such a case. No other rule should be necessary. The return is made by public officers of presumed responsibility and impartiality, and they are liable in damages for false return. People v. Board of Fire Commrs. 73 N. Y. 437; Ferguson v. Trustees of School, 168 Ill. App. 225, 231; Mann v. Tyler, 56 Mich. 564, 23 N. W. 314. Competent shorthand reporters are nowadays so easily available that a complete and accurate record can be obtained if either party so desires.

In this case the city clerk made a return which purports to be complete. The objections made to it tend only to impeach and contradict it. . They cannot be entertained. The motion for an amended return must be denied, and the case determined on the merits on the return now before the court.

4. The facts are that relator was a saloonkeeper in Duluth. A little after midnight, February 19, 1914, he was found by the police to be in his saloon in company with another saloonkeeper, two women, and a chauffeur. An automobile stood outside. The police officers testified that empty liquor bottles were lying about and that all were intoxicated except the chauffeur. The officers demanded admittance but were not admitted, and finally broke open the door, placed relator under arrest, and charged him in the municipal court with the crime of opening his saloon before 5 o'clock in the morning. On

the same day a notice was served upon relator in the following language:

"Mr Charles Sholund,
    "101 E. Michigan St.,
        "City.

"Dear Sir:

"By direction of the Commissioner of Public Safety you are hereby notified to appear before the city council of the city of Duluth at its meeting to be held at the council chamber in the City Hall, city of Duluth, on Tuesday, February 24, 1914, at 3 o'clock p. m. to show cause why your license to sell intoxicating liquors at No. 101 East Michigan street should not be revoked by said council.

        "Yours truly,
          "C. S. Palmer,
            "City Clerk."

Relator appeared before the council at the time stated in the notice, and was also represented by an attorney. Some objection was made to the proceeding, but none was made to the form or sufficiency of the notice, or to the sufficiency of the charges made against him. A hearing was had and testimony taken on both sides.

The council is expressly authorized by statute to revoke a liquor license, upon proof of violation of any law or ordinance regarding the sale of liquor or the keeping of public drinking places. G. S. 1913, § 3152. It is a violation of the general law of the state to sell or otherwise dispose of intoxicating liquors between 11 p. m. and 5 a. m. (G. S. 1913, § 3141) or to keep open a place where liquor is exposed or sold between those hours (G. S. 1913, § 3164.) The return shows evidence ample to sustain a revocation of relator's license on this ground. In fact the testimony of relator himself, as it is returned to us, is little short of an admission of facts sufficient to warrant a revocation of his license under the statutes.

The statute (section 3152, supra) provides that revocation of the license shall be "after notice to the licensee and opportunity to be heard." The notice given in this case did not advise the relator of the nature of the charges against him, or of the ground upon

which the revocation of his license was sought. In this we think it was insufficient. While the proceedings before the council should not be tested by the rules which prevail in trials in courts of law (State v. Common Council of City of Duluth, 53 Minn. 238, 243, 55 N. W. 118, 39 Am. St. 595), still relator was entitled to be advised, either by proper language in the notice, or in some other manner, of the nature of the charges made against him. But we think the relator waived all objections to the notice on these grounds. He appeared in response to the notice and, so far as the record shows, made no objection of this character. On the contrary, he participated in the proceedings and opposed the revocation of the license on the merits. The evidence produced against him charged him with acts which were sufficient ground for revocation of his license under the laws of the state. He endeavored to meet these charges. By so doing he waived all question as to the sufficiency of the notice and as to the sufficiency of the form of the charges made against him.

Relator objects to the notice given him, on the ground that it was issued by direction of the commissioner of public safety and not of the city council. This defect in the notice, if defect it is, was waived by his appearance without objection in response to it.

Much of the argument of counsel for relator proceeds upon the presumption that the proceeding before the council was under ordinance number 355 of the City of Duluth, entitled "An ordinance to regulate the purchase, sale, and disposal of intoxicating liquors within the city of Duluth," and he argues that this ordinance is void. We do not regard the validity of this ordinance as an issue in this case, for the return shows that the evidence related to charges which, if true, constituted an offense under the statute. The validity of the ordinance is therefore not considered.

Relator makes objection that the witnesses were not sworn. There is nothing in the record to sustain this contention.

Motion to amend return denied and writ quashed.