STATE EX REL. HENRY HOLLAND v. GEORGE C. SUDHEIMER.[1]

October 16, 1925.

No. 24,617.

**Under charter of St. Paul employe in classified service not entitled to formal trial.**

1. Under the charter and civil service rules of St. Paul an employe in the classified service cannot be discharged until written reasons therefor are presented to him and he is given a reasonable opportunity to reply in writing; but he is not entitled to a formal trial, and the officer vested with power to discharge may proceed upon his own knowledge as well as upon the information derived from others in the course of his investigation, following State v. McColl, 127 Minn. 155, 149 N. W. 11, and State v. Wunderlich, 144 Minn. 368, 175 N. W. 677.

**Discharge of relator sustained.**

2. The officer vested with power to discharge, the respondent in this case, presented the relator with written reasons for his discharge and the relator replied in writing. The respondent discharged the relator, stating that he found the reply insufficient and the charges against him true. On certiorari to review his action the reply of the relator, though it be held sufficient on its face, was not controlling upon the respondent, and on his return to the writ that he found the reply unsatisfactory and the charges true the court rightly sustained the discharge of relator.

1. See Municipal Corporations, 28 Cyc. p. 598 (Anno).
2. See Municipal Corporations, 28 Cyc. p. 598.

[1] Reported in 205 N. W. 369.

Upon the relation of Henry Holland the district court for Ramsey county granted its writ of certiorari directed to George C. Sudheimer and others, to review proceedings of the commissioner of public safety in the matter of the discharge of relator from his employment in the classified service of the city of St. Paul. Relator appealed from an order, Bechhoefer, J., quashing the writ and dismissing the proceeding. Affirmed.

*Frederic A. Pike,* for appellant.

*Arthur A. Stewart* and *Eugene M. O'Neill,* for respondents.

DIBELL, J.

The district court of Ramsey county issued a writ of certiorari to review the discharge of the relator from his employment as a telegraph operator in the department of public safety. On the hearing the trial court quashed the writ and the relator appeals.

The relator's employment was in the classified service. The charter and civil service rules prescribe the procedure preliminary to a discharge. The employe cannot be discharged until he has been presented written reasons and has had a reasonable opportunity to reply in writing; but he is not entitled to a formal trial, and the officer vested with power to discharge, in this case the respondent commissioner of public safety, in investigating and giving consideration to the matter before him and reaching a conclusion, may act on his own knowledge as well as on information derived from others. State v. McColl, 127 Minn. 155, 149 N. W. 11; State v. Wunderlich, 144 Minn. 368, 175 N. W. 677. These two cases quote the relevant provisions of the charter, and preclude the necessity of further discussion of the power and method of discharge.

2. On May 5, 1924, the commissioner of public safety presented the relator with reasons for his discharge. They were that he was guilty of misconduct in that on May 4 and May 5, 1924, he was absent from duty without leave; and he was notified that unless he should serve a satisfactory explanation within 5 days an order removing him from the service would be issued. The sufficiency of the charge is not questioned.

On May 9, 1924, the relator made his reply in writing. It was to the effect that on Saturday morning, May 3, while he was at work on his automobile, men representing themselves to be Federal agents made a search of his garage, without a warrant; that they claimed they found a bottle of intoxicating liquor; that he was taken to the government building and then to jail without a charge placed against him; that he was not given an opportunity to obtain bail until Monday when he was charged with having possession of intoxicating liquor; that his preliminary hearing was then set for May 15, and he obtained bail; that on May 3, when he ascertained that he would not be given an opportunity to give bail until the following Monday, he notified the department of public safety; and that he was innocent of the charge made by the Federal agents.

On May 27, 1924, the commissioner notified the relator that he was discharged. His notification stated that "after having made such investigation thereof as seemed to be necessary under the circumstances I find your explanation unsatisfactory and the charges set out in the aforesaid communication to be true."

The relator contends that the only question on this appeal is whether the relator's reply was on its face sufficient. But not so. It may be assumed that the reply was sufficient. The return of the officer is that he investigated relator's explanation or reply, and found it unsatisfactory and the charges true. The court was controlled by the return. State v. City of Duluth, 125 Minn. 425, 147 N. W. 820. The situation then is this: The procedure was proper in form. The charge was sufficient in substance. The relator's reply was found unsatisfactory and the charges true by the officer having jurisdiction. The relator is not entitled to relief on certiorari though it be held that his reply was on its face sufficient.

Order affirmed.